UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS - ORDER

    Before the Court is a Motion for Appointment of Counsel and Appointment of Lead Plaintiff ("Motion") filed by movant Jeff Ross ("Movant"). (Docket No. 21.) Movant later filed a Notice of Non-Opposition to the Motion (Docket No. 31) and a Notice of Waiver of Oral Argument on the Unopposed Motion of Jeff Ross for Appointment as Lead Plaintiff and Approval of Choice of Counsel. (Docket No. 32.) The hearing scheduled for November 1, 2021 was previously vacated, and the matter taken off calendar. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

**I.    Factual & Procedural Background**

    On August 3, 2021, Plaintiff Gary Cheng ("Plaintiff") filed a putative class action against Activision Blizzard ("Activision Blizzard" or the "Company"), Robert A. Kotick ("Kotick"), Dennis Durkin ("Durkin"), and Spencer Neumann ("Neumann") (collectively, "Defendants") on behalf of all persons or entities who purchased or otherwise acquired publicly traded Activision Blizzard securities between August 4, 2016 and July 27, 2021, both dates inclusive. (Docket No. 1, Complaint ¶¶ 1-11.)

    Defendant Activision Blizzard is a video game publisher. (Complaint ¶ 7.) The individual defendants, Kotick, who served as the Company's Chief Executive Officer, Durkin, who served as the Company's Chief Financial Officer, and Neumann, who also served as the Company's Chief Financial Officer, are alleged to have served in these positions during the relevant time period. (Id. ¶¶ 8-10.) According to the Complaint, beginning in 2016 through 2021, Activision Blizzard and its officers issued quarterly and annual reports, and maintained Activision Blizzard's Code of Conduct ("Code"), which prohibits harassment, discrimination, and other unlawful conduct by all employees, and which was referenced in those reports. (Id. ¶¶ 16-31.) Plaintiff alleges that a Bloomberg Law article from July 2021 reported that California's Department of Fair Housing and Employment filed a lawsuit against Activision

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

Blizzard after a two-year investigation, revealing company-wide discrimination, harassment, and retaliation.  (Id. ¶ 32.)  Statements found in those documents, according to the Complaint, indicated that prior representations about the Company's business, operations, and culture were false and misleading.  (Id. ¶¶ 33-35.)  Plaintiff alleges that the price of Activision Blizzard shares "fell $5.89, or over 6%, to close at $84.05 on July 27, 2021, damaging investors."  (Id. ¶ 36.)

The Complaint alleges claims for (1) violations of Section 10(b) of the Securities Exchange Act and Rule 10b-5 against all defendants and (2) violations of Section 20(a) of the Securities Exchange Act against the individual defendants.  Among other things, Plaintiff alleges that because of Defendants' false and misleading statements about the Company's business and operations, the market value of the Company's common shares declined causing Plaintiff and others to suffer significant losses.

On October 4, 2021, Movant filed his Motion.  Movant seeks to be appointed lead plaintiff and to have The Rosen Law Firm, P.A. ("Rosen Law Firm") approved as lead counsel for the class.  (Motion at 2.)  No party has filed an opposition to the Motion within the statutory deadline.  (Docket No. 31.)

**II.     Appointment of Lead Plaintiff**

The Private Securities Litigation Reform Act ("PSLRA" or "Reform Act"), 15 U.S.C. § 78u-4, directs the court to "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be the most capable of adequately representing the interest of the class members. . . ."  15 U.S.C. §78u-4(a)(3)(B)(i).  The Ninth Circuit has described the appointment of a lead plaintiff in a case governed by the PSLRA as a three-step process:

> The Reform Act provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria.  The first step consists of publicizing the pendency of the action, the claims made and the purported class period.  15 U.S.C. § 78u-4(a)(3)(A).  The first plaintiff to file an action covered by the Reform Act must post this notice "in a widely circulated national business-oriented publication or wire service."  15 U.S.C. § 78u-4(a)(3)(A)(I).  The notice must also state that "any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. § 78u-4(a)(3)(A)(i)(II).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

> In step two, the district court must consider the losses allegedly suffered by the various plaintiffs before selecting as the "presumptively most adequate plaintiff" – and hence the presumptive lead plaintiff – the one who "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In other words, the district court must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit.
>
> . . .
>
> The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements.

In re Cavanaugh, 306 F.3d 726, 729–30 (9th Cir. 2002). Under the PSLRA, the appointed lead plaintiff has the right to "select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Although this power is subject to court approval and is therefore not absolute, it plainly belongs to the lead plaintiff." Cohen v. U.S. Dist. Court for N. Dist. of Cal., 586 F.3d 703, 709 (9th Cir. 2009). "[T]he district court has no authority to select for the class what it considers to be the best possible lawyer[.]" Cavanaugh, 306 F.3d at 732.

    **A.**    **Publication and Notice**

Notice must be provided to class members via publication in a widely circulated national business-oriented publication or wire service within 20 days of the filing of the complaint. 15 U.S.C. § 78u-4(a)(3)(A)(i). The notice must (1) advise class members of the pendency of the action, the claims asserted therein, and the purported class period and (2) inform potential class members that, within 60 days of the date on which notice was published, any member of the purported class may move the court to serve as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(I)–(II).

Counsel for Plaintiff, Rosen Law, published an early notice pursuant to the PSLRA containing the requisite information via Business Wire on August 3, 2021, the same day as it filed the Complaint. (Rosen Decl., Ex. 1.) The notice announced that a putative class action lawsuit was filed and the conduct complained of, specified the class period, and advised putative class members of the deadline to file a motion to seek appointment as lead plaintiff in the pending action. (Id.) See Hurst v. Enphase Energy, Inc., No. 20-CV-04036-BLF, 2020 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

7025085, at *2 (N.D. Cal. Nov. 30, 2020).  Thus, Movant has satisfied the statutory notice requirements of publication of the pending action and notice to putative class members.  See Koffsmon v. Green Dot Corp., No. CV 19-10701 DDP (EX), 2021 WL 3473975, at *1 (C.D. Cal. Aug. 6, 2021).

> **B.**     **Largest Financial Interest**

The PSLRA provides a rebuttable presumption that the person or group of persons who filed the complaint or a timely motion, and has the largest financial interest in the relief sought by the class is the plaintiff "most adequately" situated to represent the class as lead plaintiff, provided this person or group of persons otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Here, Movant alleges that he incurred losses of approximately $11,931.94 in connection with his purchases of Activision Blizzard securities.  (Rosen Decl., Ex. 3.)  Movant further alleges that he is not aware of any class member asserting greater losses in the Company's securities during the Class Period.  (Movant's Mem. P. & A. at 4.)  The Court finds that on these factual allegations, Movant has the greatest financial interest.

"The 'most capable' plaintiff – and hence the lead plaintiff – is the one who has the greatest financial stake in the outcome of the case, so long as he meets the requirements of Rule 23."  Cavanaugh, 306 F.3d at 729.  The presumptive lead plaintiff's showing that it satisfies these requirements may be rebutted by evidence that the proposed lead plaintiff would not fairly and adequately represent the interest of the class.  15 U.S.C. §78u-4(a)(3)(B)(iii)(II).  "Once [a court] determines which plaintiff has the biggest [financial] stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements [of Rule 23]."  Cavanaugh, 306 F.3d at 732.  "The Ninth Circuit has determined that this inquiry is largely limited to determining whether the plaintiff has demonstrated he satisfies the 'typicality' and 'adequacy' requirements of Fed. R. Civ. P. 23(a)."  Ferreira v. Funko, Inc., No. 220CV02319VAPPJWX, 2020 WL 3246328, at *7 (C.D. Cal. June 11, 2020); see also Zhu v. UCBH Holdings, Inc., 682 F. Supp. 2d 1049, 1053 (N.D. Cal. 2010) ("Although the inquiry at this stage of the litigation is not as searching as the one triggered by a motion for class certification, the proposed lead plaintiff must make at least a preliminary showing that it meets the typicality and adequacy factor.").  "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class.  Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought.  The test of typicality is whether other members have the same or similar injury. . . ."  Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992) (internal quotation marks omitted) (citations omitted).  "The adequacy requirement is met if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

there are no conflicts between the representative and class interests and the representative's attorneys are qualified, experienced, and generally able to conduct the litigation." Zhu, 682 F. Supp. 2d at 1053.

Here, Movant, like the putative class members, allegedly suffered losses when subsequent revelations resulted in a decline in Activision Blizzard's share price. Submissions from Movant and the Rosen Law Firm indicate that Movant would vigorously pursue recovery on behalf of the entire class, suggest no conflict of interest between Movant or his counsel, and indicate that the Rosen Law Firm possesses the requisite expertise and capability to prosecute and manage this litigation efficiently and effectively. (Movant's Mem. P. & A. at 4-6; Rosen Decl., Ex. 4.) See Koffsmon v. Green Dot Corp., No. CV 19-10701 DDP (EX), 2021 WL 3473975, at *4 (C.D. Cal. Aug. 6, 2021). Thus, Movant makes a prima facie showing that he meets Rule 23(a)'s typicality and adequacy requirements. No party has submitted evidence or any proof suggesting that Movant is inadequate to serve as lead plaintiff or otherwise rebut Movant's showing of typicality or adequacy under Rule 23(a). (Movant's Mem. P. & A. at 5-6.) Although no party challenges Movant's Motion, there is no indication that Movant maintains interests antagonistic to those of absent class members or is subject to unique defenses that would render him incapable of adequately representing the class. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb). Accordingly, the Court finds that Movant is presumptively the most adequate plaintiff.

### III.    Approval of Lead Counsel

"While appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff." Cavanaugh, 306 F.3d at 734; id. at 732–33 ("[T]his is not a beauty contest; the district court has no authority to select for the class what it considers to be the best possible lawyer . . . . Indeed, the district court does not select class counsel at all. Rather, such information is relevant only to determine whether the presumptive lead plaintiff's choice of counsel is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff."); see 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). "Consistent with congressional intent in enacting the PSLRA to vest authority for selecting class counsel in the lead plaintiff and our reasoning in Cavanaugh, the district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." Cohen, 586 F.3d at 711 (citing Cavanaugh, 306 F.3d at 732, 734 & n. 14). Instead, "if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." (Id. (citation omitted).)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | November 1, 2021 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

Movant has selected the Rosen Law Firm to serve as lead counsel for the class. Resumes submitted by the Rosen Law firm indicate that lead counsel has participated in a number of securities class actions, and are otherwise well-qualified. (Rosen Decl., Ex. 4.) The Court finds no conflicts on this record. No party has challenged the adequacy of this firm to serve as lead counsel. Therefore, the Court approves the Rosen Law Firm to serve as co-lead counsel.

## Conclusion

For the foregoing reasons, the Court grants Movant's Motion. The Court appoints Movant as Lead Plaintiff. The Court approves the Rosen Law Firm as Lead Counsel. Within 14 days of entry of this Order appointing lead plaintiff and lead counsel as provided by the PSLRA, lead plaintiff shall file a consolidated or amended complaint, or notify Defendants and the Court in writing that lead plaintiff intends to rely on the current complaint. Defendants shall have 21 days in which to move, answer or otherwise respond to the filing of a consolidated or amended complaint or 21 days in which to move, answer or otherwise respond to the current complaint upon receiving notice that lead plaintiff intends to rely on the current complaint.

IT IS SO ORDERED.