# EXHIBIT K

H471dubc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

SUSAN DUBE, LYUBOMIR SPASOV,

                 Plaintiffs,

          v.                          16 Civ. 6728 (JMF)

SIGNET JEWELERS LIMITED, et
al.,

                 Defendants.          Oral Argument

------------------------------x

                                      New York, N.Y.
                                      April 7, 2017
                                      1:23 p.m.

Before:

                    HON. JESSE M. FURMAN,

                                      District Judge

                         APPEARANCES

POMERANTZ LLP
     Attorneys for Plaintiffs
BY:  JEREMY A. LIEBERMAN, ESQ.
     AUSTIN P. VAN, ESQ.

GLANCY PRONGAY & MURRAY LLP
     Attorneys for Plaintiffs
BY:  GARTH A. SPENCER, ESQ.

WEIL, GOTSHAL & MANGES LLP
     Attorneys for Defendants
BY:  JOSEPH S. ALLERHAND, ESQ.
     STACY NETTLETON, ESQ.
     ROBERT RUFF, ESQ.

ROBBINS GELLER RUDMAN & DOWD LLP
     Attorneys for Intervenor Irving Firemen's Relief &
     Retirement System
BY:  DAVID A. ROSENFELD, ESQ.

H471dubc

(Case called)

MR. LIEBERMAN:  Good afternoon, your Honor.  Jeremy Lieberman from the Pomerantz firm on behalf of lead plaintiffs.

MR. VAN:  Austin Van from Pomerantz on behalf of lead plaintiffs.

MR. SPENCER:  Greg Spencer, Glancy Prongay & Murray, on behalf of lead plaintiffs.

MR. ROSENFELD:  Good afternoon, your Honor.  David Rosenfeld from Robbins Geller Rudman & Dowd on behalf of the Irving Firemen's Relief & Retirement System.

MR. ALLERHAND:  Your Honor, Joseph Allerhand from Weil Gotshal.  I'm here with my partner Stacy Nettleton and Mr. Ruff on behalf of the defendants.

THE COURT:  Good afternoon.

And I take it that no one is here representing -- I'm going to get the name wrong -- Mikolchak, the plaintiff in the other Texas action?

MR. LIEBERMAN:  Your Honor, that's correct.  And we've spoken to counsel for Mr. Mikolchak yesterday and they advised consent with their letter that they are fine with transfer of their action to the action in front of your Honor in consolidation thereto and significantly also under the leadership of our firm and our lead plaintiffs.

THE COURT:  Okay.  Very good.

Excuse me.  I have a bit of a cough, so I apologize if

H471dubc

I interrupt myself with a cough.

As a threshold matter, the preliminary relief that proposed intervenors seek is to intervene for purposes of seeking certain other relief -- namely, requiring lead plaintiffs to publish or republish notice or modifying my existing order to limit lead plaintiffs to the factual allegations in essentially the first amended complaint. On that, although that relief is opposed by lead plaintiffs, I am going to grant it. I think that proposed intervenors are clearly entitled to intervene for purposes of seeking that relief. I think that they are entitled to intervene as of right, and to the extent that they're not, I would grant their application in any event. So that portion of the application is granted.

That brings us to the more substantive relief that they're seeking. There are a few pieces here. The first is the question of consolidation. In its response to the intervenor's letter, lead plaintiffs and, well, I think everybody who has submitted letters to me other than intervenors, has taken the position that the matter should be consolidated. Intervenors in their letter indicated that they were conferring with defendants I guess on proper venue, appropriate venue, and, in that regard, perhaps on the question of consolidation. So I'll get your view on that in a moment, Mr. Rosenfeld.

And then the second question is, to the extent that consolidation is the appropriate course here, how that is to be accomplished, because lead plaintiff suggests that I have the power under Rule 42 to do so. I don't think that is the case. The other two cases are not filed in this district, so unless they are transferred to me by those courts under 1404 or the Judicial Panel on Multidistrict Litigation consolidates them before me under 1407, I don't think I have authority to consolidate them. But maybe I'm wrong about that and there is some other power or means that I have that I'm not aware of.

However, let me check with you, Mr. Rosenfeld, on the more substantive question of whether you think they should be consolidated in one district.

MR. ROSENFELD: Thank you, your Honor. Our client, your Honor, filed the case in Texas because our client is based --

THE COURT: Can you slow down a little bit just because we're on the record, please.

MR. ROSENFELD: Sure. Our client filed its case in Texas because it is based in Texas, as well as the fact that the company's second largest number of stores after Florida is based in Texas; hence it was properly filed in Texas, and that's where it intended to pursue this case, because it did not believe that this case was related to the consolidated case presently before your Honor. Nonetheless, we spoke with

defendants and we are happy to advise our client -- if in fact the Court's recommendation is to proceed in this court, we're happy to recommend that to our client as well, but we do believe that the case that we filed in Texas is factually different, and yes, there are overlapping class periods now with the amended complaint, the second amended complaint, but the claims are so far afar from the first noticed complaint that we believe that the PSLRA mandates that notice be issued.

I would just clarify the point, your Honor, that it's not just the second amended complaint that adds new claims but the first amended complaint as well added new claims. If your Honor will recall, the first noticed complaint was a five-month class period. Two investors who filed the initial complaints then filed an unopposed motion to be appointed lead plaintiff, and their claims were limited to jewelry being stolen. Then they filed the amended complaint, expanding the class period to two and a quarter years. They've now added claims about Signet's credit portfolio. They did not issue any new notice. They did not update their client's certifications to reflect any new trades that may have occurred. And then they filed the second amended complaint, which is now three and a half years and included yet another claim -- this time the claims regarding sexual harassment.

THE COURT: All right. I think you're getting a little ahead of where we are. My question was simply on the

consolidation question. I heard you to say that you don't oppose or you intend to recommend to your client that they consent to transfer here. Is that --

MR. ROSENFELD: If that's what the Court believes is proper, we would consent to transfer here to this court. And I agree with your Honor that I don't think you can have consolidation of cases in different jurisdictions.

THE COURT: Okay. Very good.

And I am about to get ahead of myself as well, but I take it you would agree that if I were to look at the second amended complaint and your complaint, that if they're not coextensive, there's substantial overlap there, is that a fair statement?

MR. ROSENFELD: With the second amended complaint, yes.

THE COURT: Okay. Very good.

All right. So before we get to that, let's talk about the consolidation question. Anyone believe that I have the power, authority, or means to consolidate three actions that are pending in different districts; and if not, how do we propose to proceed on that score?

MR. LIEBERMAN: Your Honor, we would agree that at this present moment there's no ability to consolidate. Given, though, that the plaintiff that's been represented by the Rosen firm has already indicated that it consents to transfer, it

H471dubc

agrees this case is related and ultimately consents to consolidation, that is something that is coming to this court, so if the Court wants to wait until the case is actually transferred, that's fine.  It does appear that even counsel for Irving firefighters is consenting to transfer as well.  So this case is coming to this court, and so whether or not the Court -- it's fine for the Court to anticipate that these cases will be transferred, given the verbal assertions made in court today and in the letters, or it can just anticipate the transfer and make an order for consolidation.  It's up to the Court what to do, but I think as a matter of reality, these cases are coming before this Court and the issue of consolidation is coming before this Court as well, so I'll leave that to your Honor as to when the Court wants to deal with that.

THE COURT:  Mr. Rosenfeld?

MR. ROSENFELD:  Just to clarify, your Honor, it would be my recommendation to my client, but my client is the one who makes the ultimate decision, and the client was interested in filing its case in Texas.  So we will certainly make that recommendation, but I will not assume that it's a fait accompli until we get that consent from our client.

THE COURT:  All right.  I think the judges in Texas may have some say here as well.

Very good.  All right.  Well, let's turn then to the

H471dubc

question of republication, which may also have some bearing on whether the plaintiffs in those other actions consent to transfer and consolidation. Let me say two things at the outset. You can have a seat, Mr. Lieberman.

Number one, I don't think that the argument or the relief that intervenor is seeking here is precluded by my order appointing counsel. Well, it really comes down to the question of whether republication is necessary, but to the extent that republication is necessary, it would be because the claims and class period are so different that, in essence, these are new claims or a dramatically expanded class period, in which case, the fact that my prior order says that the actions are consolidated doesn't mean that it would apply to the case, or it doesn't preclude the argument being made here I guess is the bottom line I'm trying to get at.

Second, I do think, with all due respect, that lead plaintiffs' letter proposing the second amended complaint or seeking leave for the second amended complaint did not provide me with the pertinent law regarding republication, law that I have not previously been aware of or encountered. I think that not only because I certainly think an argument, a reasonable argument can be made, or let me say at a minimum I think a reasonable argument can be made here that republication is necessary -- and in fact I would note that in the March 1st letter that lead counsel submitted seeking leave to file the

H471dubc

second amended complaint, as lead counsel noted in its most recent letter, indicated that they were seeking leave to file a second amended complaint in order to add additional factual allegations and/or claims. Now, granted, by lead counsel's own argument, they ultimately opted not to file any new claims, but taking this letter on its face, it means as of March 1st, that was certainly within the realm of contemplation, and paired with lead counsel's most recent letter, by lead counsel's own admission, had they included new claims, they would have been required under existing law to republish under the PSLRA. All of which is to say I think, given their intentions and what was within the realm of possibility as of March 1st, it would have behooved lead counsel to bring to my attention that there is case law out there about the need for republication and circumstances that might apply.

Lastly, let me say my inclination is to think that lead counsel's arguments that there are only two circumstances in which republication has been ordered is not correct. Upon my review of the case law, I think it really comes down to the Court's determination of whether new claims are sufficiently related to the earlier claims and that that is not quite as categorical as lead counsel would suggest in its most recent letter, which is to say that even where the legal basis for the relief sought has not changed, if the sort of factual basis for those claims and the time period of the proposed class has

H471dubc

changed such that there is a substantial difference between the case as it existed at the time of the initial notice and now, I'm inclined to think that republication is in fact warranted. I would cite in that regard *In Re LeapFrog Enterprises, Inc. Securities Litigation*, 2005 WL 5327775 (N.D. Cal. July 5, 2005), as well as *Waldman v. Wachovia Corporation*, a case that is cited by lead counsel, which states that courts have required new notice where the amended complaint substantially alters the claims or class members and does not I think support the proposition that it's only in the two sort of formalistic circumstances that are cited by lead counsel. All of which leads me to the conclusion that whether republication is warranted turns on whether the claims asserted in the second amended complaint are so substantially different from the claims that existed when the initial notice was published that republication would be required. Now I confess that I didn't have an opportunity to look carefully through the second amended complaint itself, but my inclination is to think that it is, because number one, the time period of the alleged class has expanded from a five-month period in 2016 to a three-and-a-half-year period from August 2013 to February 2017 and that the gravamen of the claims has expanded from the initial claims, which rested on the company not adequately ensuring the safety of jewelry, to misstatements concerning widespread sexual harassment or what have you, which is just

dramatically different. All of which is to say that I think anybody seeing the notice that was published, which specified the shorter time period and the gravamen of the claims, could not possibly have known that the case would encompass the claims that are now being asserted.

Having said that, I'm given pause by defendant's letter in which they said that even if lead plaintiff were entitled to pursue only the claims in the initial complaint, I think that there would still be a substantial overlap with the claims being asserted in the Texas actions, and I'm puzzled and wonder why that would be. And to the extent that it would be, then I suppose it is an argument on the other side.

So that is my initial thinking. I'm happy to hear from each of you as to why I'm right or wrong.

Mr. Lieberman, I'll start with you.

MR. LIEBERMAN: If I may, your Honor, I mean, certainly we'll start from the fact that we do not believe, when we filed the Texas complaint, that we were dramatically altering the claims, so to the extent that this Court holds that this was a dramatic alteration of the claims, then we would, your Honor, simply request to strike those allegations, additional allegations made in the second amended complaint and we would proceed with the claims that we had filed duly in the first amended complaint, which was filed pursuant to this Court's order. I mean, we didn't intend to walk into a

H471dubc

scenario where we were dramatically altering the claims based on just looking at the first amended complaint, which nobody here is contesting whether or not we should be in the leadership of that case or whether or not there should be notice here. In that scenario, we believe that looking at the complaint of the 47 alleged misstatements in the first amended complaint, when there's been an amendment to the second amendment complaint, 43 of those we allege to be false and misleading as a result of the sexual harassment allegations, and that's how we perceive these allegations to be so intertwined that it was certainly proper to consolidate, and if it's proper to consolidate, your Honor, your Honor's consolidation order speaks to what occurs. Consolidation says that it does go then under the current lead counsel and lead plaintiff. So that's how we perceived it. We perceived it to be as really claims that are going to be substantially similar, dealing with reputation, integrity of Signet, dealing with potential losses and loss reserves made. If your Honor disagrees -- and your Honor seems to have given a preliminary view that it does -- then we would simply, your Honor, request leave to strike those allegations and continue along with our amended complaint under the prior briefing schedule. I think we would respectfully say it's somewhat of a binary issue. Either we have alleged a substantially similar claim that should be proceeding under one complaint, under one

consolidation, and your Honor's prior order of consolidation granting us lead counsel, which really was mirroring the PSLRA's provision, then that should apply and that's what we believe was appropriate; if not, your Honor, if your Honor has concluded that these are drastically different claims, then certainly we didn't mean to plead drastically different claims and we would want to then proceed with our first amended complaint, which nobody here has asked for relief, to proceed with those claims and to go forward.

That being said, generally speaking, it's quite clear if you look at the difference between the first amended complaint and the second amended complaint -- and again, nobody is contesting that there should be a leadership contest for the first amended complaint and nobody has expressed the two complaints on file haven't alleged any allegations that were made in the first amended complaint. But looking at those, the overlapping class periods are substantial, as we'd said, the allegations, the defendants are similar, securities are completely unique, and so we have a scenario where there was such overlap and we felt judicial efficiency did beg towards consolidating these, and that's why we felt it was appropriate and that the PSLRA's provision applies which says that similar claims should be brought under the same rubric of the PSLRA, and all the cases say that notice at this stage would apply as well. Really we're dealing here with a, from the first amended

H471dubc

complaint to the second amended complaint, an expansion forward of the class period by six months. And so what could happen is there could be another issued that does implicate all the 47 statements or 43 statements that we allege in the first amended complaint and somebody could be here asking for a new notice to be provided based on that. I think courts take a certain pragmatic view of this and say, well, it does make sense that it goes pursuant to the prior consolidation order.

THE COURT: All right. I mean, I think I'm inclined to agree that courts do take a slightly pragmatic approach to these things, but I think that's contrary to the argument that you made in your letter, which is to say that if a notice really doesn't put potential lead plaintiff applicant on notice that they are within the scope of the class and could move for appointment of lead plaintiff, then courts have required republication.

I guess in that regard let me give you a hypothetical -- Mr. Rosenfeld, you can have a seat for a moment -- a hypothetical in which a claim is brought, a securities fraud case is brought where it is alleged that a company misrepresented that it was in substantial compliance with all laws and regulations, right? And the claim is brought that that is a false statement covering let's say a two-month period, because in that two-month period there was some sort of deviation and the company's products were in violation of some

H471dubc

environmental standard.  All right?  Now let's say that it is discovered thereafter that there is some completely unrelated problem, let's say with bookkeeping, that goes back four years. You're taking the position that an amended complaint that expanded the claims to that four-year period and said that the substantial compliance statement is false not only because of the violation of the environmental regulations but now because of bookkeeping, that that would be essentially related in the sense that new notice wouldn't be required?

MR. LIEBERMAN:  Your Honor, I think a key issue is, looking at the first amended complaint, which nobody here is seeking to --

THE COURT:  Just answer my hypothetical.

MR. LIEBERMAN:  Your Honor, if it is -- when the time frame between the two complaints do dramatically alter, that is something that is considered to be then potentially a new claim.  I think the key thing is how far --

THE COURT:  But that's not the position you took in your letter.  The position you took in your letter is, as long as it's the same securities and no new legal claims, looking literally at the legal basis for the claim, then new notice is not required.  So you just --

MR. LIEBERMAN:  And I would say, your Honor, the extent of the overlap in the class periods, as well as the overlap of the alleged false and misleading statements, that is

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

our position, that to the extent there is overlap between claims, securities, class periods, and defendants, you are looking then at consolidation, you then per se are looking at a continuation of prior claims under prior leadership and it really does go under that rubric, and so that is the Court's judgment as to whether or not these are --

THE COURT:  Let me ask you another question.  Let's say you had prevailed, or you and the defendants had reached a settlement with respect to your initial set of claims, all right?  And thereafter you learned about this sexual harassment, potential false statements.  I assume you would not take the position that the settlement or the final judgment with respect to the first set of claims would be preclusive, would be *res judicata* as to the second claims, correct?

MR. LIEBERMAN:  Well, the question would be, in making that settlement, your Honor, was there adequate representation in the settlement for the potential new claims and was there compensation to release the claims?  But it's very often in securities class actions that you have a complaint that's proceeding for years under a certain class period, there are new developments that relate to prior claims and cause the stock to go down, defendants ask for a complete release, and the question is, are those prior lead plaintiffs adequate in order to negotiate a settlement on behalf of those potentially new developments.  We won't call them new claims, your Honor.

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H471dubc

So the answer would be, in that scenario, certainly yes, potentially, if there was a compensation for those potentially new class members or new allegations, in addition to whether or not there was adequate representation -- and we hear your Honor -- we believe we meet that. Certainly. That's why we filed the --

THE COURT: But my question is, if you had obtained a judgment with respect to the claims that you initially asserted, namely that there were false statements with respect to the defendant's handling of inventory and the like, is it your position that that would be *res judicata* as to a new case that asserted false statements with respect to the sexual harassment?

MR. LIEBERMAN: It couldn't, your Honor, because in that situation you would not have adequate representation for that new claim because it didn't exist and the new allegation didn't exist at the time of the settlement. Similarly, you wouldn't have any compensation for the class members who are being excised by the prior judgment. And for those two reasons, your Honor, it would not be a *res judicata*; it would not be an appropriate settlement for those claims. In that specific scenario, your Honor, we would agree that it should not be *res judicata*, because those two elements are lacking. We respectfully submit that here, those two elements are not lacking. Certainly at least one of the lead plaintiffs here

has standing and has held the securities through this additional disclosure.  We're in the middle of a substantial overlap between the first amended complaint and second amended complaint.  And the claims are still proceeding.  And so as a practical matter, these cases are going to be very much intertwined.  And so as defendants said, I don't think defendants here are acting in any way as a surrogate for lead counsel here.  They're taking a very practical view as to how depositions are going to proceed in this case, and when you're talking about damages analyses and inflation, and you're looking at the same exact statements regarding an issue, and to start to parse them out as looking at these as different claims does then lead to complications and does militate then towards consolidation, and consolidation, as your order appropriately held, the consolidation does mandate a leadership towards the prior noticed lead plaintiffs.

And again, if we've gotten this wrong, your Honor, if somehow these are adding new claims, as your Honor has indicated, and somehow we've expanded this case dramatically, then what we'd say is then certainly that was not the intent and we simply would ask to strike those claims and proceed with the prior complaint, which nobody in this courtroom is seeking to pursue.

THE COURT:  All right.  Mr. Rosenfeld?

MR. ROSENFELD:  Your Honor, I'm very troubled by

Mr. Lieberman's repeated assertion that no one has challenged the claim that he has set forth in the first amended complaint. In our letter, we specifically asked for relief to limit the Dube lead plaintiffs to the factual allegations they were appointed to prosecute, which was a five-month class period regarding the theft of jewelry. The amended complaint, while we didn't file those claims in our case in Texas, doesn't mean those claims don't have to be noticed. They expanded it to a two-and-a-quarter-year class period. They added claims about Signet's credit portfolio. Completely new claims. Completely expanded class period. No new notice. What we're asking your Honor to do is to require that new notice go out regarding the claims that have now been asserted in the first amended complaint as well as those proposed in the second amended complaint, and in the Irving case.

And the first complaint, your Honor, has four or five false statements, not 47. The notice in this case, your Honor, talked about a five-month class period. You had two small investors, with $3,000 in collective losses, appointed lead plaintiff. They're the two investors who filed complaints. Basically no one else wanted to get involved in the case. It was a small case. And no institutional investors were interested in getting involved at that point in time in that case, based on those limited facts and those limited circumstances. This is a very different case right now, your

H471dubc

Honor, and it's been a very different case since the first amended complaint was filed. No notice to investors has been provided. The PSLRA specifically set out a notice program to give institutional investors and other large investors the opportunity to learn about the facts of these cases and to make a decision whether or not they want to get involved. I believe it was the *Thornburg* case, your Honor, where the court said the most important consideration for an investor in determining who should be lead plaintiff is, what are the facts, what are the allegations, and once the investor has that information, the investor can make a decision, hey, do I want to get involved in this lawsuit? Did I lose money in this lawsuit? Here, Irving could not even have gotten involved in the first case because it didn't purchase stock during the limited time of the class period. And the cases all talk about this, where you have large investors who did not have an opportunity to get involved in that first case, and now the facts have changed and now the class period has changed, and now it's a different animal, different case, and it's a different decision about whether or not to get involved in this case.

THE COURT: All right. I guess the question I have for you is, let's say I agree with you as to the second amended complaint. The first amended complaint was filed on January 30th. You didn't show up until March 30th. I mean, surely at some point, whether because of efficiency or

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H471dubc

rules with respect to reconsideration or what have you, a court has to be able to rely on the appointment of lead counsel and assume that the case is going to continue. So in that regard, isn't it too late to revisit the question of whether new notice should have been issued with respect to the expansion of the claims in the first amended complaint?

MR. ROSENFELD: Your Honor, I don't think the time frame involved -- I don't think it's my responsibility nor our client's responsibility to bring it to the Court's attention that a new class period, or new claim has been alleged that requires notice. I don't think that's our burden. I think we've done what we can do here with regard to the other claims, but it doesn't mean those other claims should not be noticed. Defendants have not answered that complaint. There's an issue now about which is the proper operative complaint anyway, so there will be no prejudice to anyone if those claims are now noticed, other than potential lead plaintiffs who will be missing out on the opportunity to become a lead plaintiff. So I don't think there's any real time frame about when those claims had to be noticed, and certainly -- was it two months, your Honor? 60 days is when lead plaintiff's motions go out for anyway. It's not like there's any -- and then the notice of the Irving case has already been commenced. I think the end of May is when lead plaintiff motions are due to be filed. And I think this Court should authorize a new notice identifying

H471dubc

the new claims that were asserted in the second -- in the first amended complaint.

THE COURT:  All right.  Mr. Allerhand?

MR. ALLERHAND:  Thank you, your Honor.

THE COURT:  Can you move the microphone over, please.

MR. ALLERHAND:  Sure.

Thank you, your Honor.  I think this is a little bit of a head scratcher.  I have to say I've been involved in a lot of PSLRA cases.  This is a little bit of a puzzle here.  And I think the most important thing for everyone in this courtroom is that the process, once it moves forward, is not subject to a collateral attack, because really that would defeat the whole purpose of the PSLRA having a lead plaintiff running the show in one courtroom with a defined process.

And I think the second, you know, very interesting and important issue for at least the defense side, and I think even for the plaintiffs, is that we proceed efficiently.  It really doesn't make sense, and you can't have class actions proceeding in two different districts on behalf of the same class, at the same time, and ultimately it would play out either we would get the Texas cases moved here, under 1404 or voluntarily, or, if it played out, one court would rule on the lead plaintiff, then that would control.  But that's not a good process.

So I think the way we look at it, and the reason we put the sentence in the letter which your Honor mentioned about

H471dubc

overlapping claims, is that we're comparing apples and oranges a little bit at this point. And I say that because in front of your Honor you have a very long, lengthy second amended class action complaint which has progressed from the diamond-swapping allegations to allegations about credit policies of the company and now to a complaint which includes the first two as well as the recent public reports of the arbitration involving disparate pay. On the other hand, in Texas, you have what we sometimes call placeholder complaints. They've been filed quickly. They deal with the press reports on the arbitration and disparate pay. In the normal course of the PSLRA process, once a lead plaintiff was appointed, I'm sure we would see a full-blown complaint that would pick up much of which is in front of your Honor now.

So all of that is a long wind-up to, we can't turn the clock back here. I mean, the one thing I oppose absolutely is the notion that we're going to turn the clock back. To where? The first amended complaint? The original complaint here? Inevitably there will be overlapping allegations. And the reason I say that is, for example, Signet has a risk disclosure, which is, we're in the retail business. Our brand reputation is important. If customer confidence is lost, that could have a material deleterious effect on our business. Inevitably that risk disclosure is going to be important in all of these litigations. Even right now, when you have the Texas

cases in the infancy and the case before your Honor well developed in terms of allegations, every positive statement the company made each quarter, whether it's "business looks good," "we anticipate robust sales," statistics on stores, the allegations already are the same in that it must have been false because you were hiding a scandal that you knew was about to erupt and have a negative impact on the company. So I just don't think it's practical to allow the original complaint or the first amended complaint here to proceed while we then go ahead with the lead plaintiff process with respect to the more recent public disclosures about the arbitration case.

So I guess where I would come out, if I were in your Honor's shoes, is, I think we have to let the process play out, because it's actually the safest course. I think what's going to happen is, the cases will end up in front of you. I've had discussions with Sammy Rudman, and I think they're going to agree, subject to their client consenting to transfer. We'll know within a space of four or five weeks whether anyone else is showing up in the sweepstakes here. Remember, it's possible. We have notices now that went out. It's possible some other firm will come in with even a larger institutional plaintiff who will say, I should be the lead plaintiff here. We don't know that yet. So even if there's no renotice, there's a process that's afoot now.

THE COURT: Well, except that Mr. Lieberman's point is

well taken that if these cases are consolidated and treated as essentially related, then, under the terms of my prior order, they would remain lead counsel and we wouldn't revisit this. I don't think under the PSLRA there's a process to sort of intervene and say, you know, now we're bigger so we want to be appointed lead counsel.

MR. ALLERHAND: My point is, your Honor would have the benefit of at least knowing what the playing field looks like prior to making a quick decision on this today. And let me make clear, we don't take a position, as defendants, who should be lead counsel with respect to any of the cases. I mean, that's your Honor's call based on the PSLRA.

THE COURT: But you began by invoking the possibility of a collateral attack. Is there a risk of that if I retain existing lead plaintiffs but it turns out that the Irving fund or whatever is essentially a larger institutional investor, or has a larger loss for the claims as they're now defined? I mean, is there a danger --

MR. ALLERHAND: I think theoretically, obviously if the Texas plaintiffs aren't picked as lead plaintiff, I've never seen it go up on appeal, but theoretically there could be an attack, but I think the ability of that to succeed is weak for a number of reasons. One, you've granted the motion to intervene so there can't be an argument of due process, that they haven't had a chance to be heard; and then I think, as

H471dubc

your Honor put your finger on it, it's really not a bright line test. You know, this is a judgment call for the Court as to how related the claims are.

What I'm saying is, as a matter of practicality, I can assure the Court, there is no practical way that the two cases could proceed as separate class actions under the PSLRA without having tremendous overlap. Forget the motions to dismiss. Assuming the motions to dismiss are denied, and I hope they wouldn't be, if the case proceeded to discovery, you're inevitably going to have the same witnesses testifying about the company's reporting process, risk disclosures, and many, many of the similar issues.

So I started off saying I really do think it's a head scratcher, and I think the easy part will be getting all the cases in front of your Honor.

THE COURT: Well, let me put the question to you. Mr. Lieberman indicated that if I came to the conclusion, a firm conclusion that republication was necessary, then they would ask to strike all the new allegations. He was referring to the new allegations in the second amended complaint, but if I agree with Mr. Rosenfeld that the first amended complaint presents similar problems, I don't know, he hasn't been heard, but maybe Mr. Lieberman would take the position that he'd like to go back all the way to the original complaint. Maybe that's his right. You haven't answered either of these complaints,

H471dubc

and in that regard I don't know if he's entitled to dismiss them and essentially treat the initial complaint as the operative one, but if he is, then maybe that is his right, in which case the cases in Texas wouldn't be transferred here.

MR. ALLERHAND: Well, I think what would probably happen then is, you're right, we haven't answered, so presumably he can voluntarily dismiss and try to turn the clock back, but the problem would then be, once the Texas plaintiffs proceeded, you would have overlapping allegations. And I actually believe we should check the rules. I think if you amended the complaint once, you may not be allowed to voluntarily dismiss under the rules, so they would need, I think, your Honor's permission. But we'll check. But the problem with that scenario is you would still end up with overlapping allegations and we would be arguing in front of both courts. You can't have two class claims with respect to the same allegations proceeding, because it's a multidimensional game, right? Yes, it's true, it's only a Section 10(d) claim. It's the same federal claim. But if the disclosures that are being attacked are the same, whether it's risk disclosures or affirmatively positive statements about the outlook, it really doesn't make a lot of sense to have that proceeding either in two separate courts at the same time or in two separate class actions at the same time. And the area where I'm a little confused, and perhaps my friends at the

H471dubc

plaintiff's bar know better, your Honor, is, I'm not sure why at this point necessarily there needs to be a renotice as opposed to letting the process play out. Because we have notices that were put out by both the Texas firms. So now presumably folks are on notice at least about the more recent public news reports about the arbitration case. We have the original notice with respect to the diamond swapping. One would think that if there's interested shareholders out there who want to intervene as lead plaintiff, that they now have a chance, and the clock is ticking on that 60 days. And then at the end of that period your Honor would at least see, have the cases been consolidated before your Honor, who is the presumptive lead plaintiff based on the PSLRA, and I think the Court would be in a position to make a better informed decision. But it's a pretty unique situation your Honor is facing.

THE COURT: All right.

MR. ALLERHAND: I may not have been very helpful. I'm sorry.

THE COURT: Not terribly, but that's okay.

MR. LIEBERMAN: Your Honor, two words, if I may?

THE COURT: Yes.

MR. LIEBERMAN: Your Honor, one key point is that, as Mr. Rosenfeld says, we should renotice the entire case. Mr. Rosenfeld had an opportunity, or Irving firefighters, to

H471dubc

file an action, and they filed an action with a large class period, and they've alleged no misstatements related to the jewelry swapping or the credit issue. And so all of a sudden then to come and say, well, we're interested in this claim as well, we should prosecute it, your Honor, it just sounds to me a little disingenuous. Similarly with the complaint failed in Texas with the Rosen firm. They similarly had no interest whatsoever in the jewelry swapping or the credit case. And so for them to also say, no, no, no, let's get it all under one roof, if they want it under one roof, they certainly had time -- they had actually from January 30th -- to express an interest in the claims, to file the complaint, or to raise the same issues. In their letter they said these are distinct claims. Now they're saying, we can handle them all. If they wanted to handle them all, your Honor, they should certainly have pled it.

So we have a serious issue, your Honor, regarding adequacy, because we have counsel here who are seeking ultimately to be leadership of an entire class with all allegations, and there has only been one leadership, one firm that's expressed interest in prosecuting all of these claims, and that, your Honor, has been our firm and our clients. Irving firefighters had an opportunity to file a complaint, they had an opportunity to review all pleadings, and all the cases, and they specifically excluded the diamond-swapping

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H471dubc

credit claims. And so --

THE COURT: All right. But those sound like arguments as to why you should be appointed lead plaintiff or lead counsel, in a competitive process. But let me ask you a different question. I'm going to have to move on, unfortunately, because I have a pile-up of cases this afternoon and I need to get through them. And this is complicated enough that I am not prepared to rule on it right now.

What is your view on whether, if I were to reach the conclusion that republication is necessary, whether you would be entitled, as a matter of law, to strike or withdraw the claims that are newly asserted in the second amended complaint? Rule 41 speaks of dismissal of an action. I'm not sure that Mr. Allerhand is right in saying that filing of a prior amended complaint matters, but it does refer to a dismissal of an action. I think you're probably entitled to dismiss the action as a whole, but I don't know if there's law that suggests that you can dismiss a single complaint, then essentially revert back to a prior complaint.

MR. LIEBERMAN: Your Honor, I think we would have the ability to dismiss certain allegations, certain claims, before there's a response, and we certainly would, you know -- I really do think the issue is binary, i.e., if the Court has held that we have gone on a frolic and detour here and cited wildly new allegations, then certainly our claims should not be

H471dubc

consolidated under the PSLRA, and under the Court's prior consolidation order, your Honor's order said related actions that warrant consolidation should be consolidated. If we have not gone on a frolic and detour and we did this properly, we should be, by the Court's order, lead counsel. If somehow we've messed this up and we've alleged wildly different claims, and they had no business being in the same complaint in the first place, we would strike those allegations, your Honor, and we would ask to proceed with our prior claim, which nobody to date has expressed any interest in proceeding on those claims, your Honor.

THE COURT: To be clear, I'm not suggesting you've gone on a frolic and detour or done anything improper, but the question is, I think, that under the cases that I've read where lead plaintiff does substantially alter the nature of the claims and expands them, republication is necessary. That may be the requirement. It doesn't suggest that you did anything improper. And I'm not sure that if something is properly joined, it necessarily means that it is sufficiently related that it wouldn't require publication. The cases don't seem to view it in that sort of binary way.

Mr. Allerhand is looking at the book.

MR. ALLERHAND: Yes. I hate to be so wrong. I mean, you're right, your Honor, on 41, that it's dismissal of an action, so I don't think that's going to help turn the clock

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

H471dubc

back.  They'd still have to refile a new one, and I think they've already had one amendment as of right under Rule 15(a), and therefore I think it would be under 15(a)(2), but all other amendments, they would need the Court's approval and our approval in order to turn the clock back to get back to the first amended complaint.  I feel like it's a first year exam in law school.  But I don't think you can just snap your fingers here and go back to the original complaint or the first amended complaint.

And we're in a really strange position.  We have a clock ticking on moving to dismiss, and we would like relief on that, because it makes no sense for us to be spending time and energy to dismiss a consolidated complaint which is now a contest as to whether or not there's going to be a renotice or who's going to control it or what the operative pleading will ultimately be.

THE COURT:  Right.  I got that.  Your application is granted to the extent that you want additional time until this is all sorted out.  That is to say that I'll set a new deadline for the filing of a motion to dismiss once we've resolved this.

MR. ALLERHAND:  Thank you.

THE COURT:  Mr. Rosenfeld, last word here, and then I think I have to --

MR. ROSENFELD:  Sixty seconds.  First, I would point out --

H471dubc

THE COURT: Sixty seconds as long as you speak slowly.

MR. ROSENFELD: A normal person's sixty seconds.

In the *LeapFrog* case, your Honor, I believe the notice there allowed for a new lead plaintiff for the entirety of the case. So even though the original case had been prosecuted by court-appointed lead plaintiffs, I believe once the second notice went out, that encompassed the entirety of all the claims, which I know is what the defendants want is one case, but I believe in *LeapFrog*, the new notice allowed for lead plaintiff, and as Mr. Allerhand pointed out, we don't know who the lead plaintiff is going to be at this juncture, but it could be any large investor. That investor was appointed to prosecute all claims for the entire notice period in the notice.

With regard to your Honor's order about the related action and appointing lead counsel, which it says specifically that counsel in any related action that is consolidated with this action shall be bound by this organization of plaintiff's counsel, first, I point out that it wasn't related, it wasn't consolidated, and to the extent that the Court thinks otherwise, we would ask to modify the language of this order to accomplish that.

And lastly, your Honor, I would point out that Irving is not appointed the keeper of the claims of the class at this point in time. It was the lead plaintiffs who are appointed.

H471dubc

And it was not Irving's responsibility to provide notice or to add new claims regarding the credit portfolio of Signet. Rather, it was the lead plaintiff to provide that notice.

Thank you, your Honor.

THE COURT: All right. Thank you.

I'm going to have to reserve judgment on this. As I said, I think it's complicated enough that I need to give it some careful thought. I will stay defendant's deadline to respond to the second amended complaint until we sort all this out. I'm hoping that I will do that sooner rather than later. It's complicated by the fact that there are some holidays coming up next week and I will be out of chambers; not necessarily not working during all that time, but that does complicate things a little bit. So I'll issue an order as soon as I can. I mean, if I adhere to my initial inclination and believe that republication is required, I will state as much, and then Mr. Lieberman, right now it's just speculative, but if at that point you do want to proceed only with respect to whatever claims I say wouldn't require republication, you can tell me that and provide authority for the proposition that you can turn the clock back in that manner. I think, again, Rule 41 speaks of actions. On the other hand, I think there is some discretion, if you will, for a plaintiff to withdraw claims, and then it's just a question of whether they're with or without prejudice, but where a defendant hasn't answered or

H471dubc

moved to dismiss them, I don't know why it would be with prejudice. So maybe from that perspective, you can sort of revert back simply by withdrawing the relevant allegations or claims. But in any event, why don't you give that some thought. I'm not suggesting that I have in fact firmly decided to stick to my initial view, but that's certainly where I'm leaning at the moment. So you can proceed to think accordingly.

All right. I'll stay on the bench because I do have a number of other matters, but thank you, all, and I will let you know my thoughts when I can.

ALL COUNSEL: Thank you, your Honor.

(Adjourned)