

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY,<br><br>Defendants. | Case No. 2:21-cv-06240-PA-JEM<br><br>**[PROPOSED] ORDER DENYING MOTION OF UNION INVESTMENT PRIVATFONDS GMBH TO INTERVENE, VACATE THE ORDER APPOINTING JEFF ROSS AS LEAD PLAINTIFF, AND REOPEN LEAD PLAINTIFF PROCESS**<br><br>CLASS ACTION<br><br>JUDGE: Percy Anderson<br>HEARING: January 31, 2022<br>TIME: 1:30 p.m.<br>CTRM: 9A |

Union Investment Privatfonds GmbH ("Union") has moved to intervene, to vacate the order appointing Jeff Ross as Lead Plaintiff and The Rosen Law Firm PA as Lead Counsel, and to reopen the lead plaintiff process (the "Motion").  After considering the Motion, Lead Plaintiff Jeff Ross and named plaintiffs Gary Cheng, Micah Ernst, Michael Noon, Nick Baldwin, Chris Martin, and Alejandro Toiber's (collectively "Plaintiffs") Opposition, Union's Reply in support of the Motion, and all other papers on file herein, the Court denies the Motion.

Courts "'typically disfavor republication when a complaint is amended unless the amended complaint substantially alters the claims or class members.'" *Thomas v. Magnachip Semiconductor Corp.*, 2015 WL 3749784, at * 4 (N.D. Cal. June 15, 2015) (quoting *Kaplan v. S.A.C. Capital Advisors, L.P.*, 947 F.Supp.2d 366, 367 (S.D.N.Y. 2013)). The Court holds that Union has not made the necessary showing to overcome this presumption.

Union has not shown that Plaintiffs manipulated the class period. Instead, Plaintiffs made the type of routine change to the Class Period in the Amended Complaint that are clearly within the lead plaintiff's authority. *See Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008) ("The appointed lead plaintiff can decide how to frame their amended complaint to allege an appropriate class period."). Furthermore, the Amended Complaint did not substantially alter the claims.

The Court further holds that the proper time for Union to object to the proposed class period was during the lead plaintiff process that followed the filing of the Initial Complaint. *See e.g.*, *Deering v. Galena Biopharma, Inc.*, 2014 WL 4954398, at *10 (D. Or. Oct. 3, 2014) (resolving class period issues at the lead plaintiff stage and citing cases).  The notice published by Plaintiff Cheng notified

1

Union of the case, and Union and any other institutional investor had the opportunity to object to the class period or to file a completing case. Since they failed to do so, it is not proper for them to do so now.

Finally, Union is also not entitled to intervene as of right because it has not shown that Plaintiffs do not adequately represent their interests and that this case would materially impair or impede its rights. *See Advanced Micro. Devices, Inc.*, 2017 WL 1075051, at * 2 (N.D. Cal. Mar. 22, 2017) (denying intervention as a matter of right because proposed intervenor failed to explain how his rights were impaired or impeded). Permissive intervention is inappropriate for the reasons stated above and because Plaintiffs and the class would be prejudiced by the delay that restarting the lead plaintiff process would cause.

For the foregoing reasons, Union's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated  _____            _____

Hon. Percy Anderson
United States District Judge

2