Stephen G. Larson (Bar No. 145225)
slarson@larsonllp.com
Rick Richmond (Bar No. 194962)
rrichmond@larsonllp.com
Paul A. Rigali (Bar No. 262948)
prigali@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Tel: (213) 436-4888
Fax: (213) 623-2000

Local Counsel for AMF Tjänstepension AB

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY,<br><br>Defendants. | No. 2:21-cv-06240 PA (JEMx)<br><br><u>CLASS ACTION</u><br><br>**NOTICE IN SUPPORT OF THE MOTION OF UNION INVESTMENT PRIVATFONDS GMBH TO INTERVENE, VACATE THE ORDER APPOINTING JEFF ROSS AS LEAD PLAINTIFF, AND REOPEN LEAD PLAINTIFF PROCESS**<br><br>Judge: Hon. Percy Anderson<br>Date: January 31, 2022<br>Courtroom: 9A, 9th Floor<br>Time: 1:30 p.m. |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that putative class member AMF Tjänstepension AB ("AMF") respectfully submits this notice in support of the Motion of Union Investment Privatfonds GmbH to Intervene, Vacate the Order Appointing Jeff Ross as Lead Plaintiff, and Reopen the Lead Plaintiff Process (ECF No. 50, the "Motion").[1]

AMF, a Swedish pension company, manages approximately $88 billion in assets (as of September 30, 2021) on behalf of approximately 4 million customers. In addition to being a sophisticated institutional investor, AMF also has substantial experience serving as a lead plaintiff in federal securities class actions proceeding under the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B), including its current service as lead plaintiff in *In re Celgene Corporation Securities Litigation*, No. 2:18-cv-04772-JMV-JBC (D.N.J.), and *Murphy v. Precision Castparts Corp., et al.*, No. 3:16-cv-00521-SB (D. Or.).

As set forth in Union Investment Privatfonds GmbH ("Union")'s Motion, the PSLRA was intended to ensure that investors with a significant financial interest in the outcome of the litigation—and sophisticated institutional investors, specifically—were appointed to lead securities class actions. *See* Motion at 14-15. As explained by Congress, "increasing the role of institutional investors in class action will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at 34 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 730, 733; *see also* S. Rep. No. 104-98, at 11 (1995), *as reprinted in* 1995 U.S.C.C.A.N. 679, 690 ("The committee intends to increase the likelihood that institutional investors will serve as lead plaintiffs[.]").

Here, as detailed in the Motion, the PSLRA's goals were frustrated by the filing of the improperly overbroad initial class period (August 4, 2016, through July 27,

---

[1] Unless otherwise indicated, all references to "ECF No. [___]" are to docket entries in *Cheng v. Activision Blizzard, Inc., et al.*, No. 2:21-cv-06240 PA (JEMx) (C.D. Cal.).

2021) because its inclusion of a seven-month period in which **no** Activision Blizzard, Inc. ("Activision") investors suffered recoverable losses (August 4, 2016, through February 27, 2017). As a direct result of this manipulative filing, Jeff Ross—an individual investor with only $12,000 in losses in the initial class period and represented by The Rosen Law Firm, P.A. ("Rosen Law"), the law firm that filed the initial class period—was the sole movant and was appointed as lead plaintiff, with Rosen Law appointed lead counsel, despite Mr. Ross's *de minimis* financial interest. *See* Motion at 7. Tellingly, Mr. Ross's motion for lead plaintiff was unopposed and not a single institutional investor moved for lead in this case. Mr. Ross's post-appointment abandonment of claims between August 4, 2016, and February 27, 2017, highlights the suspect nature of the initial class period pled by Rosen Law. Mr. Ross has now conceded that the inclusion of at least the first seven months of the initial class period was without merit. *See generally* ECF No. 53. The filing of this overbroad period had the foreseeable effect of substantially reducing and, in many cases, completely eliminating the losses of institutional investors. *See* Motion at 4-7.

Rosen Law claims in support of the initial class period that "[i]t was impossible for Plaintiff . . . to know how many other shoes would drop and how much further Activision's share price would fall as additional news related to the misconduct was publicly disclosed." ECF No. 53 at 2. This is not a basis for pleading a class period that was obviously unsupportable at the time of its filing. If, and when, "other shoes" drop, Rosen Law could file a complaint conforming to the facts in existence at that later time. Rosen Law is not entitled to preemptively file a complaint based on mere speculation that yet-to-occur events may—at some unknown date—impact Activision's stock price to such a degree that investors during the seven-month period may have recoverable damages.[2] Nor should the lead plaintiff process—and the

---

[2] *See generally* Fed. R. Civ. P. 11(b)(3) (requiring factual contentions to "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery").

determination of movants' financial interests—be driven by such speculative and unsupported allegations.

Much like Union's financial interest, AMF's financial interest increases significantly under the appropriate amended class period (February 28, 2017, through November 16, 2021). Indeed, AMF's losses are more than 400% larger in the amended class period than in the initial class period—increasing by more than $20 million. AMF's loss in the amended class period is thousands of times greater than Mr. Ross's claimed loss. *See In re Leapfrog Enters., Inc. Sec. Litig.*, No. C 03 05421 RMW, 2005 WL 5327775, at *3 (N.D. Cal. July 5, 2005) (reopening lead plaintiff process and noting the fact that "an institutional investor with losses of over $10 million, while the . . . individuals with alleged losses of only approximately $36,000 reinforces the conclusion that [the institution] may be better-suited to represent the class under the amended . . . complaint"). Accordingly, AMF has a direct financial interest in ensuring that this litigation is led by a lead plaintiff that is properly appointed through a process that is free from manipulation and conducted in accordance with the PSLRA.

Given that the filing of the initial class period, in violation of the PSLRA's stated purpose, intentionally undermined the ability of many sophisticated institutional investors to serve as lead plaintiff in this litigation, AMF respectfully requests that the Court grant Union's Motion and reopen the lead plaintiff selection process.

Dated: January 13, 2022                                  Respectfully submitted,

                                      **LARSON LLP**

By: /s/ Stephen G. Larson
     Stephen G. Larson
     Paul A. Rigali
     Rick Richmond
     *Local Counsel for*
     *AMF Tjänstepension AB*

| | |
|---|---|
| 1 | |
| 2 | **KESSLER TOPAZ**<br>   **MELTZER & CHECK, LLP**<br>Naumon A. Amjed<br>namjed@ktmc.com |
| 3 | Darren J. Check<br>dcheck@ktmc.com |
| 4 | Ryan T. Degnan<br>rdegnan@ktmc.com |
| 5 | 280 King of Prussia Road<br>Radnor, PA 19087 |
| 6 | Tel:  (610) 667-7706<br>Fax: (610) 667-7056 |
| 7 | |
| 8 | *Counsel for AMF Tjänstepension AB* |