UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**   IN CHAMBERS ORDER

    Before the Court is a Motion to Intervene ("Motion") filed by Intervenor Union Investment Privatfonds GmbH. ("Union") in this putative securities fraud class action. (Docket No. 50.) Plaintiffs Nick Baldwin, Gary Cheng, Micah Ernst, Chris Martin, Michael Noon, Alejandro Toiber, and Movant Jeff Ross, (collectively, "Plaintiffs") filed an Opposition ("Opposition") (Docket No. 53) to which Union filed a Reply ("Reply"). (Docket No. 60.) Union moves to intervene : "for purposes of vacating the November 1, 2021 Order appointing Jeff Ross ("Mr. Ross") as Lead Plaintiff and approving his selection of Lead Counsel, republishing the PSLRA Lead Plaintiff notice, and establishing a new deadline for investors to seek to serve as Lead Plaintiff." (Mot. at 1.) The Court has considered the "Joinder in Notice of Motion and Motion to Intervene to Vacate the Order Appointing Jeff Ross as Lead Plaintiff, and Reopen Lead Plaintiff Process" (Docket No. 57) filed by Intervenor Plaintiff AMF Tjanstepension AB and related briefing. (Docket Nos. 61-64.) The hearing scheduled for January 31, 2022 is vacated, and the matter taken off calendar. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

## I.  Factual Background

    On August 3, 2021, plaintiff Gary Cheng commenced this action against Activision Blizzard, Inc., a video game publisher ("Activision Blizzard"), and its officers and directors. (Docket No. 1, Complaint ¶¶ 1-11.) The complaint defined the class as "persons or entities who purchased or otherwise acquired publicly traded Activision Blizzard securities between August 4, 2016 and July 27, 2021, inclusive." (Id.) The complaint alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5. See 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5. The thrust of the complaint is that the defendants made materially false and misleading statements during the class period in SEC filings regarding the impact of regulatory or legal proceedings on Activision Blizzard's business in light of an ongoing state investigation. (Complaint ¶¶ 15-36.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

On October 4, 2021, Jeff Ross ("Ross") filed a motion for appointment as lead plaintiff and to have the Rosen Law Firm, P.A. ("Rosen Law") approved as lead counsel for the class. (Docket No. 21.) No party challenged Ross's motion within the statutory deadline or moved for appointment as lead plaintiff. (Docket No. 34.) Ross, a 27-year old with "several years of investing experience," allegedly lost $11,931.94 in connection with his purchases of Activision Blizzard securities. (Docket No. 22, Mem. P. & A. at 3-5.) On December 3, 2021, Plaintiffs' filed a first amended complaint ("1st AC") against prior defendants and two new defendants. (Docket No. 39; 1st AC ¶¶ 46-48.) The 1st AC defines the class period as: "persons or entities who purchased publicly traded Activision Blizzard common stock on the NASDAQ between February 28, 2017 and November 16, 2021, inclusive, and who held such shares on July 27, 2021, and/or September 20, 2021, and/or November 3, 2021, and/or November 16, 2021, and suffered compensable damages." (Id. ¶¶ 1-5.) The asserted causes of action are the same and the legal theory is not substantially different despite additional factual allegations.

## II.    Lead Plaintiff Selection Process

"The Private Securities Litigation Reform Act ("PSLRA" or "Reform Act") provides a simple three-step process for identifying the lead plaintiff pursuant to these criteria." In re Cavanaugh, 306 F.3d 726, 729 (9th Cir. 2002). "The first step consists of publicizing the pendency of the action, the claims made and the purported class period." See id.

> (i) In general
>
> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> > (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
> >
> > (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. §78u-4(a)(3)(A). "In step two, the district court must determine which movant is the 'most adequate plaintiff,' which is defined as the plaintiff 'most capable of adequately representing the interests of class members.'" In re Mersho, 6 F.4th 891, 899 (9th Cir. 2021)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

(internal citations omitted). "To do so, the district court must 'adopt a presumption that the most adequate plaintiff' is the movant with the largest financial interest who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." Id.; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)–(cc). "The third step of the process is to give other plaintiffs an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements." In re Cavanaugh, 306 F.3d at 730.[1] The PSLRA does not require the lead plaintiff to republish notice upon the filing of an amended complaint. See Greenberg v. Bear Stearns & Co., 80 F. Supp. 2d 65, 69 (E.D.N.Y. 2000) ("The statute does not mandate, nor does it suggest, that a Court approved lead plaintiff must re-publish a notice of the purported class after an amended complaint is filed.").

Union argues that class members did not receive proper notice because the original complaint contained an overbroad class period, a gratuitous seven months at the front end during which no actionable securities fraud claim could arise nor recoverable damages. (See Mot. at 5-6; Exh. A, Hartzmark Decl.) Union also argues that the 1st AC materially altered the contours of the case by adding critical allegations and corrective disclosures. (Id. at 10-13, 19.) According to Union, it was precluded from serving as lead plaintiff because it relied on the class period allegations in the original complaint to calculate its financial interest, a gain of almost $2 million. (Id. at 14-17.) Under the amended class period defined in the 1st AC, Union calculated a total loss of over $10.9 million. (Id. at 7.)

The Court finds Union's justifications for not participating in the lead plaintiff selection process unavailing and a tactic to contravene the PSLRA's notice requirements. Cf. Emps.-Teamsters Loc. Nos. 175 & 505 Pension Tr. Fund v. Anchor Cap. Advisors, 498 F.3d

---

[1] In assessing whether differences in an original complaint and amended complaint require republication of notice, courts in California and elsewhere have often compared the pleadings' adoption of new legal theories and inclusion of new classes of securities. See, e.g., Waldman v. Wachovia Corp., No. 08 Civ. 2913, 2009 WL 2950362, at *1 (S.D.N.Y. Sept. 14, 2009) ("Although courts typically disfavor republication when a complaint is amended, courts have required new notice where the amended complaint substantially alters the claims or class members."); Thomas v. Magnachip Semiconductor Corp., No. 14-CV-01160-JST, 2015 WL 3749784, at *4 (N.D. Cal. June 15, 2015) (In general, republication is not required where a complaint expands the class period or includes an additional defendant or a closely related new claim."); Teamsters Loc. 445 Freight Div. Pension Fund v. Bombardier Inc., No. 05 CIV. 1898 (SAS), 2005 WL 1322721, at *2 (S.D.N.Y. June 1, 2005) ("In cases encompassing the same claims and securities, but somewhat different class periods, courts have generally found that the efficiency cost of republication outweighs the marginal fairness gains of notifying class members of an extended class period.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

920, 925 (9th Cir. 2007) (The PSLRA was " certainly not intended to excuse sophisticated parties from being diligent and keeping abreast of developments in the case, especially when the class is not certified.") Critically, Union acknowledges that it had notice of the original complaint: "prior to the October 4, 2021 lead plaintiff deadline, Union analyzed its trading during the [original] Class Period to calculate its financial interest in the case Rosen filed on behalf of Mr. Cheng, as would other Activision investors." (Mot. at 15.) Union was not prevented from participating in the lead plaintiff selection process and the responsibility rests on its shoulders for its decision as a "sophisticated institutional investor" with "extensive experience prosecuting complex securities actions." (Mot. at 22.)

      The Court notes at the outset that Union's attempt to turn back the clock is nothing more than a thinly veiled motion for reconsideration (see Local Rule 7-18) because although Union did not participate in the lead plaintiff selection process, nothing that Union offers in its exhibits and declarations represent new material facts or a change of law occurring after the Court's November 1, 2021 Order appointing lead plaintiff and counsel. Had Union not slept on its rights as a putative class member it could have presented all of its facts and calculations now before the Court by filing its own complaint or moving to seek appointment as lead plaintiff during the required period.[2/] Union choose to do neither despite ample opportunity. Even accepting Union's position that, according to its calculations, it did not suffer the greatest financial loss based on the class period in the original complaint, and therefore would not have been selected as lead plaintiff, it still does not justify why Union did not timely move for appointment following the initial notice period. Under the PSLRA's built-in mechanism, Union had the chance to present the same reasons now before the Court and argue for an alternative class period or why it would most adequately represent the putative class. Rather than follow the established procedure set forth in the PSLRA, Union, on its own initiative, decided that it had no chance of securing the lead plaintiff role.[3/]

---

[2/]     The PSLRA anticipates different parties filing separate complaints and provides rules for consolidating actions and thus Union, on the record before the Court, cannot credibly claim it was forced to be a bystander and wait until after the close of the lead plaintiff selection process before filing its Motion. See 15 U.S.C. § 78u–4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under [the 1934 Act] has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the determination [of lead plaintiff] until after the decision on the motion to consolidate is rendered.").

[3/]     The parties dispute Plaintiffs' motives for changing the class period allegations. Union repeatedly claims that the initial class period was "baseless" and was "apparently designed to manipulate the Lead Plaintiff process [a]s evidenced by Rosen's filing of the Amended

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

      Furthermore, the Supreme Court's recent decision in China Agritech, Inc. v. Resh, 138 S. Ct. 1800, 1808, 201 L. Ed. 2d 123 (2018) addresses why enabling Union's attempt, which would encourage parties and has already prompted another institutional investor to advocate for reopening, frustrates congressional authority in drafting the PSLRA's procedural requirements. "The PSLRA, by requiring notice of the commencement of a class action, aims to draw all potential lead plaintiffs into the suit so that the district court will have the full roster of contenders before deciding which contender to appoint." Id.[4/] Through its Motion, Union seeks to bypass the procedures laid out by Congress and impede the efficiency and economy of class litigation that the PSLRA promotes. Union does not dispute that it received notice as required by the PSLRA. Yet, Union did not seek to be chosen as lead plaintiff. See id. at 1812 (Sotomayor, J., concurring.) The Court concludes that putative class members, including Union, had adequate notice regarding the claims and class period asserted by Plaintiffs and had the opportunity to identify themselves and present themselves for the Court's consideration. Accordingly, the Court declines to reopen the lead plaintiff selection process. For the same

---

Complaint, in which Rosen promptly moved the start of the Class Period." (Mot. at 17-19.) Plaintiffs respond that the class period in the initial complaint "was almost 60 months to preserve claims" and that it "was necessary to protect investors' rights against the unforgiving nature of the statute of repose." (Pls.' Mem. P. & A. at 1-2, 11.) The Court does not find these arguments particularly relevant and Union has not cited to any pertinent legal authority explaining why its allegations must factor into the Court's analysis.

[4/]    The Court explained further:

> Although the [PSLRA] . . . . includes a presumption that the most adequate plaintiff is the one who moves first and has the largest financial interest in the case, see 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I), multiple potential lead plaintiffs have reason to apply for the role because there may not be an obvious candidate. Which plaintiff has the largest financial interest may not be immediately apparent; the statute does not define the term, and the size of a shareholder's financial interest can depend on how many shares were purchased and sold, when, and at what price, as well as the order in which the losses are tallied. See, e.g., Cortina v. Anavex Life Sciences Corp., 2016 WL 1337305 (S.D.N.Y., Apr. 5, 2016). District courts often permit aggregation of plaintiffs into plaintiff groups, so even a small shareholder could apply for lead-plaintiff status, hoping to join with other shareholders to create a unit with the largest financial interest.

Resh, 138 S. Ct. at 1808.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-6240 PA (JEMx) | Date | January 30, 2022 |
|---|---|---|---|
| Title | Gary Cheng v. Activision Blizzard, Inc. et al. | | |

reasons, Union does not meet the requirements for intervention as of right or for permissive intervention under Rule 24 of the Federal Rules of Civil Procedure.

## Conclusion

For the foregoing reasons, the Court denies Union's Motion to intervene in full. The Court denies the Joinder filed by Intervenor Plaintiff AMF Tjanstepension AB and denies Plaintiffs' "Request for Judicial Notice Regarding: AMF Tjanstepension AB's Joinder Notice in Support" (Docket No. 62.)

IT IS SO ORDERED.