# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY,<br><br>    Defendants. | Case No. 2:21-cv-06240-PA-JEM<br><br>**[PROPOSED] ORDER DENYING MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JUDGE:   Hon. Percy Anderson<br>HEARING: February 28, 2022<br>TIME:     1:30 p.m.<br>CTRM:    9A |

Defendants Activision Blizzard, Inc. ("Activision"), Robert A. Kotick, Dennis Durkin, Armin Zerza, Brian Kelly, and Spencer Neumann (the "Individual Defendants," and collectively with Activision, "Defendants") have moved to dismiss Plaintiffs' Amended Class Action Complaint (the "Motion") under Fed. R. Civ. P. 12(b)(6). After considering the papers submitted by the parties and oral argument, the Court denies the Motion in its entirety.

Plaintiffs state claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against all Defendants and under Section 20(a) of the Exchange Act against the Individual Defendants.

The Plaintiffs have pled falsity for Defendants' statements concerning undisclosed legal proceedings. *See Berson v. Applied Signal Tech., Inc.*, 527 F.3d 982, 987 (9th Cir. 2008) (holding once defendants speak on a topic they must do so in a way that will not mislead investors). The statements that all undisclosed investigations are "routine" and "in the ordinary course of business" are statements of present fact and are misleading because the U.S. Equal Employment Opportunity Commission (the "EEOC") and the California Department of Fair Employment and Housing (the "DFEH") investigations of Activision (the "Investigations") clearly do not fit that description. The statements that in the "opinion of management" the undisclosed investigations were "not significant" and not expected "to have a material adverse effect" are misleading because the omission of facts going to the basis of the opinion — the existence of the Investigations — made it misleading to a reasonable person. *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund,* 575 U.S. 175, 194 (2015).

The Private Securities Litigation Reform Act's safe harbor does not apply to the legal proceedings statements for multiple reasons: (1) there is an exception for statements appearing in a financial statement prepared according to Generally Accepted Accounting Principles, 15 U.S.C § 78u-5(b)(2)(A); (2) a legal disclosure followed by statement of expectation of its effect is not forward-looking, *see No.*

[PROPOSED] ORDER  DENYING MTD                                    2:21-cv-06240-PA-JEM

*84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 936-937 (9th Cir. 2003); (3) Defendants' cautionary language is too general, *see Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 947 (9th Cir. 2005); and (4) Defendants had actual knowledge their statements were false. Further, even if the portion of each statement after the term "expect" was forward-looking, that would not render the rest of each statement forward-looking. *See In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1142 (9th Cir. 2017).

Plaintiffs also plead falsity for Defendants' code of conduct and Environmental, Social, and Governance Report statements. They are specific and objectively verifiable and the allegations that sexual harassment and retaliation were pervasive and tolerated at Activision is overwhelming. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2018 WL 6167889, at *17 (S.D.N.Y. Nov. 26, 2018)

Finally, Plaintiffs plead scienter because Defendants do not dispute that they knew about the Investigations when they made their statements. Accordingly, they knew or recklessly disregarded that their statements were misleading at the time they made them. *See S. Ferry LP, No. 2 v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008) (holding scienter must be viewed holistically with "a practical and common-sense perspective"); *In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 708 (9th Cir. 2012) ("[r]ecklessly turning a 'blind eye' to impropriety is equally culpable conduct under Rule 10b–5"). The scienter allegations against Defendant Kotick are especially compelling because there are specific allegations that he knew about pervasive sexual harassment at Activision and was motived to suppress the Investigations so he could receive a $150 million bonus based on maintaining Activision's stock price.

It is hereby ordered that Defendants' Motion is DENIED in its entirety.

Dated: _____                    _____
                                         The Honorable Percy Anderson
                                         United States District Judge

[PROPOSED] ORDER  DENYING MTD                              2:21-cv-06240-PA-JEM