KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
   HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Defendants Activision Blizzard, Inc., Robert A. Kotick, Dennis Durkin, Armin Zerza and Brian Kelly*

[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA and BRIAN KELLY, <br><br> Defendants. | Case No. 2:21-cv-06240-PA-JEM <br><br> **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> Date:    August 15, 2022 <br> Time:    1:30 p.m. <br> Place:    Courtroom 9A, First Street Courthouse <br> Judge:   The Honorable Percy Anderson |

Defendants Activision Blizzard, Inc. ("Activision" or the "Company"), Robert A. Kotick, Dennis Durkin, Spencer Neumann, Armin Zerza, and Brian Kelly (collectively, "Defendants") hereby request that the Court consider the documents identified below in connection with Defendants' Motion to Dismiss the Second Amended Class Action Complaint ("SAC").

When considering a motion to dismiss in a case governed by the Private Securities Litigation Reform Act ("PSLRA"), it is proper to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The following documents, attached as **Exhibits A-H** to the accompanying Declaration of Kevin P. Muck ("Muck Decl."), are all subject to judicial notice and/or the incorporation by reference doctrine:

**Exhibit A**: A press release issued by Microsoft Corporation and Activision on January 18, 2022, publicly available on the Company's website at https://investor.activision.com/node/34941/pdf (last accessed Jan. 25, 2022).

**Exhibit B**: Activision's Form 8-K, filed with the United States Securities and Exchange Commission ("SEC") on April 28, 2022.

**Exhibit C**: Daily closing prices for shares of Activision common stock for the period November 8, 2018 through November 16, 2021, as obtained from Bloomberg.

**Exhibit D**: Robert A. Kotick's letter to all Activision employees, dated July 27, 2021, a copy of which is publicly available on the Company's website at https://investor.activision.com/node/34326/pdf (last accessed Jan. 25, 2022), and which is referred to, quoted, and/or relied upon in the SAC, including ¶¶ 276-277.

**Exhibit E**: Activision's Notice of Motion and Motion for Summary Adjudication filed on May 6, 2022, in the action captioned *Department of*

*Fair Employment and Housing v. Activision Blizzard, Inc. et al.*, Case No. 21STCV26571 (California Superior Court, County of Los Angeles).

**Exhibit F:**  The "Order Re Hearing on Consent Decree," entered by the Court on March 22, 2022 in the action captioned *U.S. Equal Employment Opportunity Commission v. Activision Blizzard, Inc., et al.*, Case No. 2:21-CV-07682-DSF-JEM (U.S. District Court, C.D. Cal.) [ECF No. 76].

**Exhibit G**:  The United States Equal Employment Opportunity Commission's ("EEOC") "Commissioner Charges and Directed Investigations" webpage, publicly available on the EEOC's website at https://www.eeoc.gov/commissioner-charges-and-directed-investigations (last accessed June 9, 2022).

**Exhibit H**:  The California Department of Fair Employment and Housing's ("DFEH") "Complaint Process" webpage, publicly available on the DFEH's website at https://www.dfeh.ca.gov/complaintprocess/ (last accessed June 9, 2022).

### Exhibit D is Incorporated by Reference in the SAC

Because the SAC refers to, quotes and/or relies on portions of Exhibit D, the incorporation-by-reference doctrine allows the Court to consider it on a motion to dismiss.  *See, e.g.*, *Peters v. Colony Credit Real Estate, Inc.*, 2021 WL 4813762, at *1 n. 4 (C.D. Cal. June 7, 2021); *Mendoza v. HF Foods Group, Inc.*, 2021 WL 3772850, at *2 (C.D. Cal. Aug. 25, 2021).  Among other things, the doctrine permits the Court to consider the full context of statements where a complaint may only provide excerpts, and "prevent[s] plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims." *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics, Inc. Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022).

**Exhibits A-H Are All Properly Subject to Judicial Notice**

*SEC filings.*  Pursuant to Fed. R. Evid. 201, courts routinely take judicial notice of SEC filings (Exhibit B), particularly in cases brought under the federal securities laws.  *See, e.g., Metzler Inv. GmbH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008); *M&M Hart Living Tr. v. Global Eagle Entm't, Inc.*, 2018 WL 1230570, at *2 (C.D. Cal. Jan. 8, 2018).

*Court filings and other public records.*  Court filings and other matters of public record (Exhibits E-H) are appropriate for judicial notice.  *See, e.g., Ahlstrom v. DHI Mortgage Company, Ltd. L.P.*, 21 F.4th 631, 633 n.1 (9th Cir. 2021).

*Other publicly available information.*  The contents of documents and materials publicly available on a company's or agency's website (Exhibits A, D, G, H) are subject to judicial notice.  *See, e.g.*, *Arroyo v. HH Corner, LLC,* 2021 WL 4260402, at *1 (C.D. Cal. July 28, 2021).

*Stock prices.*  Judicial notice of Activision's stock prices during the Class Period (Exhibit C) is proper.  *See M&M Hart*, 2018 WL 1230570, at *2.

Dated:  June 16, 2022

WILMER CUTLER PICKERING
  HALE AND DORR LLP

By  */s/ Kevin P. Muck*
        Kevin P. Muck

*Attorneys for Defendants Activision
Blizzard, Inc., Robert A. Kotick, Dennis
Durkin, Armin Zerza and Brian Kelly*

Dated:  June 16, 2022

GIBSON DUNN & CRUTCHER LLP

By  */s/ Craig Varnen*
        Craig Varnen

*Attorneys for Defendant Spencer Neumann*

## ATTESTATION (L.R. 5-4.3.4(a)(2)(i))

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 16, 2022                    /s/ Kevin P. Muck
                                           Kevin P. Muck