# Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 05/09/2022 04:31 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Sanchez,Deputy Clerk
Case 2:21-cv-06240-PA-JEM   Document 81-2   Filed 07/13/22   Page 2 of 47   Page ID
#:2334

PAUL HASTINGS LLP
ELENA R. BACA (SB# 160564)
elenabaca@paulhastings.com
FELICIA A. DAVIS (SB# 266523)
feliciadavis@paulhastings.com
515 South Flower Street, 25th Floor
Los Angeles, California  90071-2228
Telephone:  1(213) 683-6000
Facsimile:  1(213) 627-0705

MUNGER, TOLLES & OLSON LLP
BRAD D. BRIAN (SB# 79001)
brad.brian@mto.com
KATHERINE M. FORSTER (SB# 217609)
katherine.forster@mto.com
350 South Grand Avenue, 50th Floor
Los Angeles, California  90071-3426
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys For Defendants
ACTIVISION BLIZZARD, INC., BLIZZARD
ENTERTAINMENT, INC., AND ACTIVISION
PUBLISHING, INC.

*[Additional counsel listed on next page]*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING, an agency of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>ACTIVISION BLIZZARD, INC., BLIZZARD ENTERTAINMENT, INC., and ACTIVISION PUBLISHING, INC., and DOES ONE through TEN, inclusive,<br><br>Defendants. | CASE NO. 21STCV26571<br><br>**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S FIRST AMENDED COMPLAINT**<br><br>Dept:     73<br>Judge:    Hon. Timothy Dillon<br><br>Action Filed:   July 20, 2021<br>FAC Filed:    August 23, 2021<br>Trial Date:    February 27, 2022 |

-1-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

-2-

PAUL HASTINGS LLP
RYAN D. DERRY (SB# 244337)
ryanderry@paulhastings.com
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

MUNGER, TOLLES & OLSON LLP
DAVID H. FRY (SB# 189276)
david.fry@mto.com
RICHARD T. JOHNSON (SB# 335434)
richard.johnson@mto.com
560 Mission Street, 27th Floor
San Francisco, California 94105
Telephone:  (415) 512-4000
Facsimile:  (415) 512-4077

Attorneys for Defendants
ACTIVISION BLIZZARD, INC., BLIZZARD
ENTERTAINMENT, INC., and ACTIVISION
PUBLISHING, INC.

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

TO PLAINTIFF DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING AND TO ITS ATTORNEYS OF RECORD:

Defendants Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc. (collectively, "AB"), for themselves alone and no other defendant, hereby answer the First Amended Complaint ("Complaint") of Plaintiff Department of Fair Employment and Housing ("DFEH" or "Plaintiff") as follows.  All allegations not specifically admitted are denied.

<u>ANSWER</u>

1.      AB admit that Activision Blizzard, Inc.—then known as Activision, Inc.—was founded in the 1970s, and the company has been headquartered in California since its founding. AB further admit that, since Activision Blizzard Inc.'s founding, it has in some years experienced double-digit growth and ten-figure annual revenues, and avers that one of the results of its successful business model is that Activision Blizzard, Inc. has been able to employ thousands of California workers.  To the extent the remaining allegations in Paragraph 1 are legal conclusions, no response is required.  Except as explicitly admitted, or as to those allegations to which no response is required, AB deny the allegations in Paragraph 1.  AB state that, for many years, AB have had in place policies, procedures, and practices designed to prevent gender harassment, discrimination, and related retaliation.  Since 2017, Activision Blizzard, Inc. has significantly increased its investment in anti-harassment and anti-discrimination training.  In that time, AB have made meaningful organizational changes in their Human Resources and Compliance functions; enhanced awareness of channels for reporting complaints; and increased resources for carefully investigating allegedly improper behavior in this same timeframe.  AB lack sufficient information and belief as to DFEH's motivation in bringing this government action and on that basis deny the allegations in the last sentence of Paragraph 1.  AB assert on information and belief that the timing of DFEH's filing suggests that its motives were to garner media attention and interfere with the United States Equal Employment Opportunity ("EEOC") exercising its statutory mandate and Activision Blizzard's constitutional and statutory rights to engage in conciliation with the EEOC under Title VII.

49309991.1

2.      AB admit that Activision Blizzard, Inc. is headquartered in Santa Monica, California and is one of the largest American video game developers and distributors.  AB deny that Activision Blizzard, Inc. employs "approximately 9,500 employees."  AB admit that AB are considered a "leading gaming platform," that Activision Blizzard, Inc, is a member of the Fortune 500 and S&P 500, and that hundreds of millions of players worldwide play games offered by Activision Blizzard, Inc. or its subsidiaries.  AB admit that Activision Blizzard, Inc., has direct and indirect subsidiaries that include, but are not limited to, Blizzard Entertainment, Inc., King Digital Entertainment, and Activision Publishing, Inc.  AB admit that AB operate the esports organizations Overwatch League and Call of Duty League, that there were 372 million monthly active players of its games worldwide on average in Q1 2022, that Blizzard Entertainment, Inc. maintains the gaming service Battle.net, and that the Battle.net service includes the World of Warcraft, Diablo, and Overwatch franchises.  Except as explicitly admitted, AB deny the allegations in Paragraph 2.

3.      AB admit that across Activision Blizzard, Inc., and its subsidiaries, on average, as of the end of 2021, approximately 24% of global employees did not identify as male.  AB lack sufficient information or belief to enable them to answer the remaining allegations in the first sentence of Paragraph 3, and, on that basis, AB deny those allegations.  To the extent the allegations in Paragraph 3 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 3.

4.      AB deny the allegations in Paragraph 4.  AB state that AB have robust pay, assignment, and promotion practices that promote the fair, equitable, and non-discriminatory treatment of all individuals.  AB further state that in AB's recent analysis of 2020 compensation of employees in the United States, AB compared the compensation of men and women while accounting for variables that lawfully impact pay.  California Labor Code section 1197.5 allows wages and other compensation to be based on a "seniority system," a "merit system," a "system that measures earnings by quantity or quality of production," or a "bona fide factor other than sex, such as education, training, or experience."  AB further state that their analysis showed that their

-4-

male and female employees in the United States who performed comparable work earned essentially the same amount of compensation (with women coming in at a penny above men for every dollar of compensation).

5.     AB deny the allegations in Paragraph 5.

6.     AB deny the allegations in Paragraph 6.

7.     AB admit that complaints about harassment, discrimination, and retaliation have been raised with AB's respective human resources personnel and to some executives, including to Blizzard Entertainment Inc.'s then-President J. Allen Brack.  AB admit that during a 2018 investigation of human resources practices and policies, one witness indicated that there had been a "big lack of trust" as to a particular former HR department member due to her perceived closeness to certain business leaders, and that five years previously, in 2013, at the time the witness was hired to join the Blizzard Entertainment HR team, "HR [was] not held in high regard."  AB deny the remaining allegations in Paragraph 7.  AB state that employees are encouraged to report any concerns regarding misconduct, including through the channels listed in its "ASK List," which provides a list of people and resources to which employees can turn to report conduct violations or ask related questions.  An employee can reach out to the employee's manager, a manager the employee trusts, any human resources business partner, any member of the legal team, or the Integrity Line, which is a confidential website and telephone line, operated by an external third-party vendor, which allows employees to report concerns 24 hours a day.

8.     To the extent the allegations in Paragraph 8 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 8.

9.     The statutes cited in Paragraph 9 speak for themselves and require no response. To the extent the allegations in Paragraph 9 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 9.

10.     AB admit that Activision Blizzard, Inc. is a Delaware corporation that operates in and under the laws of the State of California, and that Activision Blizzard, Inc. and Activision Publishing, Inc. conduct business in Los Angeles, California.  Activision Blizzard, Inc. admits that its corporate headquarters are located in Santa Monica, California.  AB admit that Activision

-5-
49309991.1

Blizzard, Inc. conducts business through direct and indirect subsidiaries, which include but are not limited to Blizzard Entertainment, Inc., and Activision Publishing, Inc.  AB further admit that Blizzard Entertainment, Inc. is one of the "reportable segments" to Activision Blizzard, Inc., referenced in Activision Blizzard, Inc.'s 2021 Form 10-K.  AB deny that "Activision Blizzard, Inc." is one of the three organizations overseen by Activision Blizzard, Inc. and that "Activision Blizzard, Inc." is one of the "three reportable segments" to "Activision Blizzard [, Inc.]"  AB state that the three reportable segments to Activision Blizzard, Inc., as set forth in Activision Blizzard, Inc.'s 2021 Form 10-K, are Activision Publishing, Inc., Blizzard Entertainment, Inc., and King Digital Entertainment.  To the extent the allegations in Paragraph 10 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 10.

11.     AB admit that Blizzard Entertainment, Inc. is a Delaware corporation that operates in and under the laws of the State of California.  AB admit that Blizzard Entertainment, Inc. is a subsidiary of Activision Blizzard, Inc. and that Blizzard Entertainment, Inc. has its corporate headquarters at 1 Blizzard Way in Irvine, California.  To the extent the allegations in Paragraph 11 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 11.

12.     AB admit that Activision Publishing, Inc. is a Delaware corporation that operates in and under the laws of the State of California and conducts business in Los Angeles, California.  AB admit that Activision Publishing, Inc.'s corporate headquarters are located in Santa Monica, California.  To the extent the allegations in Paragraph 12 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 12.

13.     The allegations in Paragraph 13 are legal conclusions that do not require a response.  To the extent a response is required, AB deny the allegations in Paragraph 13.

14.     To the extent the allegations in Paragraph 14 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 14.  AB further state that AB have sought discovery from DFEH concerning the composition of the

-6-

49309991.1

"Group" or real parties in interest that DFEH purports to represent.  To date, DFEH has refused to provide any information in response or to identify such individuals.  As a result, AB lack sufficient information or belief to answer the allegations about the "Group" referenced in Paragraph 14 and on that basis deny those allegations.

15.     AB incorporate by reference their responses to all prior paragraphs as if fully set forth herein.

16.     To the extent the allegations in Paragraph 16 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 16.

17.     AB admit that DFEH served a Notice of Group or Systemic Investigation and Director's Complaint for Group/Class Relief against Blizzard Entertainment, Inc. on or about October 12, 2018 (DFEH Case No. 201810-03875512) stating that DFEH was investigating whether Blizzard Entertainment, Inc. engaged in discrimination against its employees by failing to hire, select, or employ persons because of their sex, as well as discriminating in compensation or in the terms, conditions, privileges of employment due to their sex and an alleged failure to take all reasonable steps to prevent unlawful discrimination, harassment, or retaliation.  AB further admit that DFEH amended the Notice of Complaint on or about October 29, 2018, to add Activision Blizzard, Inc., and on or about December 7, 2018, to add Activision Publishing, Inc. The statutes cited in Paragraph 17 speak for themselves and require no response.  To the extent the allegations in Paragraph 17 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 17.  AB state that the Director's Complaint—and any amendment thereto—did not provide notice that DFEH would undertake an investigation on Causes of Action Nos. III (Discrimination in Termination), IV (Constructive Discharge), V (Sex Harassment), VI (Retaliation), X (Waiver of Rights, Forums, or Procedures and Release of Claims), or XI (Failure to Maintain and Produce Records).

AB state on information and belief that, under a Worksharing Agreement between DFEH and EEOC, the two agencies agreed to a division of investigatory responsibility into the AB.  On information and belief, DFEH entered into an interagency agreement with EEOC, under which

-7-

49309991.1

DFEH agreed that EEOC, not DFEH, would investigate gender harassment and related retaliation, resulting in EEOC having the sole authority to investigate and resolve such claims.

18.    AB admit that DFEH conducted an investigation for over two years, with which the AB cooperated, but deny that the investigation that DFEH conducted included contingent or temporary workers, deny that the investigation covered all of the cases of action now pled, and deny that the investigation was adequately concluded.  AB admit that on June 24, 2021, DFEH sent a letter to AB that stated:  "Based on the evidence DFEH has collected during its investigation, DFEH has reason to file a civil complaint in superior court against Blizzard Entertainment, Inc., Activision Blizzard, Inc., and Activision Publishing, Inc."  AB deny that DFEH ever advised AB, including in the June 24, 2021 letter, that DFEH found evidence that AB discriminated against female employees and contingent or temporary workers in terms and conditions of employment, including compensation, assignment, promotion, termination, constructive discharge, and retaliation, or otherwise satisfied its statutorily required pre-civil filing requirements as to such claims.  AB state on information and belief that, under a Worksharing Agreement between DFEH and EEOC, the two agencies agreed to a division of investigatory responsibility into the AB.  On information and belief, DFEH entered into an interagency agreement with EEOC, under which DFEH agreed that EEOC, not DFEH, would investigate gender harassment and related retaliation, resulting in EEOC having the sole authority to investigate and resolve such claims—and as a result, it was EEOC, not DFEH, that fully investigated these alleged issues.  AB state that as a matter of law DFEH had no authority to enforce, and therefore could not have investigated, potential Labor Code section 1197.5 violations prior to January 1, 2021.  To the extent the allegations in Paragraph 18 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 18.

19.    AB deny that DFEH endeavored to resolve this matter without litigation.  AB further deny that DFEH required all parties to participate in mandatory dispute resolution, engaged in good-faith dispute resolution efforts, or met with AB for any pre-dispute resolution process prior to filing this civil action.  AB further deny that the parties were unable to resolve the

49309991.1

administrative complaints.  AB state that, as described more fully below, AB and DFEH had agreed that DFEH would satisfy its pre-filing mediation requirement by participating in private mediation scheduled for December 2021.  AB further state that DFEH initially demanded that AB waive statutory affirmative defenses as a condition precedent to agreeing to the December mediation.  DFEH represented that such waiver was necessary to allow sufficient time for DFEH to complete its investigation, engage in conciliation, and engage in a good-faith mediation.  AB further state that the July 1, 2021 and July 2, 2021 proposed mediation dates DFEH lists in the complaint were provided with only four business days' notice and were dates that DFEH was aware AB's counsel was in an arbitration and, therefore, was unavailable.  AB further state that, despite multiple requests, DFEH refused to provide notice of what would be mediated.  AB therefore could not prepare for a meaningful mediation on July 1, 2 or 15, 2021.  AB further state they signed and transmitted a tolling agreement that would have allowed DFEH sufficient time to complete its investigation and for the parties to engage in a meaningful conciliation and the mandatory pre-filing mediation, but DFEH elected to file this lawsuit instead.  Except as explicitly admitted, AB deny the allegations in Paragraph 19.

20.     The statutes cited in Paragraph 20 speak for themselves and require no response.  To the extent the allegations in Paragraph 20 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 20.

21.     To the extent the allegations in Paragraph 21 are legal conclusions, no response is required.  To the extent a response is required, the AB deny the allegations of Paragraph 21.

22.     AB admit that the parties signed a tolling agreement that provided "the deadline by which DFEH must bring a civil action pursuant to Government Code Section 12965 and 12961 is hereby extended to July 21, 2021."  AB admit that DFEH filed the Complaint on July 20, 2021, and state that DFEH did not serve AB at that time.  AB further state that DFEH filed the First Amended Complaint on August 23, 2021.  To the extent the allegations in Paragraph 22 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 22.

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

23.     To the extent the allegations in Paragraph 23 are legal conclusions, no response is required.  To the extent a response is required, AB state they lack sufficient information or belief to enable them to answer the allegations because, to date, DFEH has refused to identify the real parties in interest whose individual claims DFEH seeks to advance (or the claimed damages) or otherwise provide any response to AB's discovery related to damages and, on that basis, AB deny the allegations in Paragraph 23.

24.     To the extent the allegations in Paragraph 24 are legal conclusions, no response is required.  To the extent a response is required, AB state that, for the reasons stated in their answer to Paragraph 14, which is incorporated by reference as if fully set forth herein, they lack sufficient information or belief to enable them to answer the allegations in Paragraph 24 and, on that basis, AB deny the allegations in Paragraph 24.

25.     The statutes cited in Paragraph 25 speak for themselves and require no response. Further, to the extent the allegations in Paragraph 25 are legal conclusions, no response is required.  To the extent a response is required, AB state that, for the reasons stated in their answer to Paragraph 14, which is incorporated by reference as if fully set forth herein, they lack sufficient information or belief to enable them to answer the allegations in Paragraph 25 and, on that basis, AB deny the allegations in Paragraph 25.

26.     AB admit that DFEH served a Notice of Group or Systemic Investigation and Director's Complaint for Group/Class Relief against Blizzard Entertainment, Inc. on or about October 12, 2018 (DFEH Case No. 201810-03875512) and that DFEH filed this lawsuit.  To the extent the allegations in Paragraph 26 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 26, including for the reasons stated in their answers to Paragraphs 14 and 19, which are incorporated by reference as if fully set forth herein.

27.     The statutes cited in Paragraph 27 speak for themselves and require no response. To the extent the allegations in Paragraph 27 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 27.

-10-

49309991.1

28.     To the extent the allegations in Paragraph 28 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 28, including for the reasons stated in their answer to Paragraph 14, which is incorporated by reference as if fully set forth herein.

29.     To the extent the allegations in Paragraph 29 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 29 and state that, to pursue a representative enforcement action, DFEH's purported class claims must satisfy certain requirements that also apply to class actions, as discussed more fully below.

30.     AB incorporate by reference their responses to all prior paragraphs as if fully set forth herein.

31.     AB deny the allegations in Paragraph 31.

32.     AB deny the allegations in Paragraph 32.

33.     AB deny the allegations in Paragraph 33.

34.     AB deny the allegations in Paragraph 34.

35.     AB deny the first sentence of Paragraph 35.  AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations.  As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 35 and on that basis deny those allegations.

36.     AB state that AB have served discovery on DFEH seeking the basis for the allegations in Paragraph 36, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations.  As a result, AB lack sufficient information or belief to answer to the allegations and on that basis deny those allegations.

37.     AB deny the allegations of the first and third sentences of Paragraph 37.  AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individual referenced.  To date, DFEH has not provided

-11-

49309991.1

the identity of the individual or any information or evidence to support the allegations. As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 37 and on that basis deny those allegations.

38.    AB deny the allegations of the first and third sentences of Paragraph 38. AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individuals referenced. To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations. As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 38 and on that basis deny those allegations.

39.    AB deny the allegations of the first, third, and fourth sentences of Paragraph 39. AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individuals referenced. To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations. As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 39 and on that basis deny those allegations.

40.    AB deny the allegations of the first and last sentences of Paragraph 40. AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individuals referenced. To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations. As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 40 and, on that basis, AB deny those allegations.

41.    To the extent the allegations in Paragraph 41 are legal conclusions, no response is required. To the extent a response is required, AB deny the allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 are legal conclusions, no response is required. To the extent a response is required, AB admit that in April 2015, September 2016, and February and July 2017, AB retained Paul Hastings to provide privileged analysis of compensation data. AB admit that in January 2018, AB retained the Miller Law Group to provide privileged analysis of compensation data. AB deny the remaining allegations in Paragraph 42.

49309991.1

43.    AB deny the allegations of the first sentence of Paragraph 43.  AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations in this Paragraph, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations.  As a result, AB lack sufficient information or belief to answer the remaining allegations in Paragraph 43 and, on that basis, AB deny those allegations.

44.    To the extent the allegations in Paragraph 44 are legal conclusions, no response is required.  AB lack sufficient information or belief to enable AB to answer the allegations in the first sentence of Paragraph 44, and, on that basis, deny those allegations.  To the extent any further response is required, AB deny the allegations in Paragraph 44.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

45.    To the extent the allegations in Paragraph 45 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 45.

46.    AB deny the allegations of the first, second, third, and fourth sentences of Paragraph 46.  AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations of this Paragraph, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations, and as a result, AB lack sufficient information or belief to answer and, on that basis, AB deny the remaining allegations of Paragraph 46.

47.    AB deny the allegations in the first, third, fourth, fifth, and sixth sentences of Paragraph 47.  With regard to the second sentence of Paragraph 47, AB admit that Mr. Afrasiabi received a written warning after an investigation substantiated a 2018 allegation that, at the 2013 BlizzCon, he had grabbed a female employee's hands, would not let go, and implied that they should go up to his hotel room.  With regard to the seventh sentence of Paragraph 47, AB admit that J. Allen Brack counseled Afrasiabi in 2015, when he told Mr. Afrasiabi he was drinking too much and had been "too friendly" toward some female employees at a Blizzard Entertainment event, and in 2016 after Mr. Afrasiabi used a derogatory term toward a woman at an industry

-13-

49309991.1

event (not sponsored by AB) at which he had been drinking heavily.  With regard to the eighth sentence of Paragraph 47, AB incorporate the responses above regarding the second and seventh sentences, and state that incident involving grabbing a female employee's hand occurred in 2013, before (not after) Mr. Afrasiabi was counseled by Mr. Brack.  As to the allegation that, subsequent to being counseled, Mr. Afrasaibi "grop[ed] another woman," AB state that they lack sufficient information or belief to answer those allegations and, on that basis, AB deny those allegations.  Except as explicitly admitted, AB deny the allegations in Paragraph 47.  AB state that, to the extent Mr. Afrasiabi was the subject of individual reports of potential misconduct, upon receipt of such reports, Blizzard Entertainment, Inc. investigated such claims and took remedial action, including issuance of discipline as appropriate.  AB further state that Mr. Afrasiabi was terminated effective May 28, 2020, for misconduct in the treatment of employees.

48.    AB deny the allegations in Paragraph 48.

49.    AB deny the allegations in the first sentence of Paragraph 49.  AB state that AB have served discovery on DFEH seeking the basis for the remaining allegations of this Paragraph, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations, and as a result, AB lack sufficient information or belief to answer and on that basis deny the remaining allegations of Paragraph 49.

50.    AB deny the allegations in the third sentence of Paragraph 50.  With respect to the allegations in the fourth sentence of Paragraph 50, Activision Blizzard Defendant incorporate by reference their answer to Paragraph 7 as if fully set forth herein.  With respect to the remaining allegations of Paragraph 50, AB state that AB have served discovery on DFEH seeking the basis for the allegations in this Paragraph, including the identity of the individuals referenced.  To date, DFEH has not provided the identity of the individuals or any information or evidence to support the allegations of this Paragraph, and as a result, AB lack sufficient information or belief to respond to the allegations.  AB state that DFEH's own "Workplace Harassment Prevention Guide For California Employers" expressly states that employers "can only promise limited

-14-

49309991.1

confidentiality" when investigating complaints and sets forth multiple reasons why confidentiality cannot be guaranteed.

51.     To the extent the allegations in Paragraph 51 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 51.

52.     AB deny the allegations in the first and fifth sentences of Paragraph 52.  AB admit that during its investigation DFEH requested documents related to employee complaints, communications, and records about alleged harassment or discrimination by AB.  AB state that AB cooperated with DFEH's investigation and produced documents, information, and witnesses for deposition.  AB further state that certain investigations into sexual harassment or discrimination were investigated under privilege, and certain pay equity analyses were conducted under privilege, and, during the DFEH's investigation, AB took steps to maintain and assert AB's privilege consistent with relevant law.  AB further state that the attorney-client privilege is a bedrock principle protected under California law, and asserting privilege does not constitute retaliation, interference with a government investigation, suppressing evidence, or taking "adverse actions" against employees who complained or assisted DFEH.  To the extent the allegations in Paragraph 52 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 52.

53.     AB deny the allegations in the first and last sentences in Paragraph 53.  AB admit that on July 27, 2021, AB announced, in part, that AB had:  "[A]sked the law firm WilmerHale to conduct a review of [its] policies and procedures to ensure that [they] have and maintain best practices to promote a respectful and inclusive workplace.  This work will begin immediately. The WilmerHale team will be led by Stephanie Avakian, who is a member of the management team at WilmerHale and was most recently the Director of the United States Securities and Exchange Commission's Division of Enforcement.  We encourage anyone with an experience you believe violates our policies or in any way made you uncomfortable in the workplace to use any of our many existing channels for reporting or to reach out to Stephanie.  She and her team at WilmerHale will be available to speak with you on a confidential basis and can be reached

-15-

49309991.1

at ATVI@wilmerhale.com or 202-247-2725.  Your outreach will be kept confidential.  Of course, NO retaliation will be tolerated." To the extent the allegations in Paragraph 53 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 53.

54. AB deny all the allegations in Paragraph 54.  AB further state that there is no requirement under the California Government Code for an employer to disclose a confidential agency investigation or a government enforcement action as a condition of securing a release of claims under the Fair Employment and Housing Act.

55. The statutes cited in Paragraph 55 speak for themselves and require no response.  To the extent the allegations in Paragraph 55 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 55.

56. AB deny the allegations in Paragraph 56.

57. AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

58. The statute cited in Paragraph 58 speaks for itself and requires no response.

59. To the extent the allegations of Paragraph 59 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 59.  AB re-allege and reincorporate by reference their answer to Paragraph 4 as though set forth fully herein.

60. AB deny the allegations in Paragraph 60.  AB re-allege and reincorporate by reference their answer to Paragraph 4 as though set forth fully herein.

61. To the extent the allegations of Paragraph 61 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 61.

62. To the extent the allegations of Paragraph 62 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 62.

63. To the extent the allegations of Paragraph 63 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 63.

64. To the extent the allegations of Paragraph 64 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 64.

-16-

49309991.1

65.    To the extent the allegations of Paragraph 65 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 65.

66.    To the extent the allegations of Paragraph 66 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 66.

67.    To the extent the allegations of Paragraph 67 are legal conclusions, no response is required.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

68.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

69.    The statute cited in Paragraph 69 speaks for itself and requires no response.

70.    To the extent the allegations of Paragraph 70 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 70.

71.    To the extent the allegations of Paragraph 71 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 71.

72.    To the extent the allegations of Paragraph 72 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 72.  AB further state that, as to the allegations regarding "Defendants' quota system," AB lack sufficient information and belief to enable AB to answer the allegations and on that additional basis deny them.

73.    To the extent the allegations of Paragraph 73 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 73.

74.    To the extent the allegations of Paragraph 74 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 74.

75.    To the extent the allegations of Paragraph 75 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 75.

76.    To the extent the allegations of Paragraph 76 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 76.

-17-

49309991.1

77.     To the extent the allegations of Paragraph 77 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 77.

78.     To the extent the allegations of Paragraph 78 are legal conclusions, no response is required.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

79.     AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

80.     The statute cited in Paragraph 80 speaks for itself and requires no response.  AB also state that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

81.     To the extent the allegations of Paragraph 81 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 81.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

82.     To the extent the allegations of Paragraph 82 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 82.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)).

83.     To the extent the allegations of Paragraph 83 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 83.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

84.     To the extent the allegations of Paragraph 84 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 84.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's

-18-

49309991.1

termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

85.    To the extent the allegations of Paragraph 85 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 85.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

86.    To the extent the allegations of Paragraph 86 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 86.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

87.    To the extent the allegations of Paragraph 87 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 87.  AB further deny the allegations in this paragraph on the basis that the Court dismissed DFEH's termination claim, which is now moot.  (See February 15, 2022 Minute Order [Hearing on Demurrer].)

88.    The allegation in Paragraph 88 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

89.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

90.    The statute cited in Paragraph 90 speaks for itself and requires no response.

91.    To the extent the allegations of Paragraph 91 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 91.

92.    To the extent the allegations of Paragraph 92 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 92.

93.    To the extent the allegations of Paragraph 93 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 93.

-19-

49309991.1

94.    To the extent the allegations of Paragraph 94 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 94.

95.    To the extent the allegations of Paragraph 95 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 95.

96.    To the extent the allegations of Paragraph 96 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 96.

97.    To the extent the allegations of Paragraph 97 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 97.

98.    The allegation in Paragraph 98 requires no response. To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

99.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

100.    The statute cited in Paragraph 100 speaks for itself and requires no response.

101.    To the extent the allegations of Paragraph 101 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 101.

102.    To the extent the allegations of Paragraph 102 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 102.  AB state that during the relevant period, AB's policies have prohibited gender harassment.  AB state that AB have trained employees in anti-harassment and anti-discrimination trainings such as through California Sexual Harassment Training ("CASH"), Preventing Workplace Harassment, Equality and Diversity, Way2Play Compliance Training, Navigating Unconscious Bias, Inclusive Leadership, Inclusive Hiring Best Practices, among others, via online, interactive, and live classroom instructions.

103.    To the extent the allegations of Paragraph 103 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 103.

104.    To the extent the allegations of Paragraph 104 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 104.

-20-

49309991.1

105.    To the extent the allegations of Paragraph 105 are legal conclusions, no response is required. To the extent a response is required, AB deny the allegations in Paragraph 105.

106.    To the extent the allegations of Paragraph 106 are legal conclusions, no response is required. To the extent a response is required, AB deny the allegations in Paragraph 106.

107.    To the extent the allegations of Paragraph 107 are legal conclusions, no response is required. To the extent a response is required, AB deny the allegations in Paragraph 107.

108.    To the extent the allegations of Paragraph 108 are legal conclusions, no response is required. To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

109.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

110.    The statute cited in Paragraph 110 speaks for itself and requires no response.

111.    To the extent the allegations of Paragraph 111 are legal conclusions, no response is required. To the extent a response is required, AB deny the allegations in Paragraph 111. AB state that during the relevant period, AB's policies have prohibited unlawful retaliation. AB further state that AB have trained employees in anti-retaliation such as through California Sexual Harassment Training ("CASH"), Preventing Workplace Harassment, Equality and Diversity, Way2Play Compliance Training, among others, via online, interactive, and live classroom instructions.

112.    The statute and regulation cited in Paragraph 112 speak for themselves and require no response.

113.    The statute cited in Paragraph 113 speaks for itself and requires no response.

114.    AB admit that on July 27, 2021, AB announced, in part, that it had: "[A]sked the law firm WilmerHale to conduct a review of [its] policies and procedures to ensure that [they] have and maintain best practices to promote a respectful and inclusive workplace. This work will begin immediately. The WilmerHale team will be led by Stephanie Avakian, who is a member of the management team at WilmerHale and was most recently the Director of the United States Securities and Exchange Commission's Division of Enforcement. We encourage anyone with an

-21-

experience you believe violates our policies or in any way made you uncomfortable in the workplace to use any of our many existing channels for reporting or to reach out to Stephanie. She and her team at WilmerHale will be available to speak with you on a confidential basis and can be reached at ATVI@wilmerhale.com or 202-247-2725.  Your outreach will be kept confidential. Of course, NO retaliation will be tolerated." To the extent the allegations in Paragraph 114 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 114.

115.    AB admit that DFEH opened an investigation and requested documents related to employee complaints and the waiver of claims under FEHA.  AB state that AB cooperated with DFEH's investigation and produced documents, information, and witnesses for deposition.  AB further state that certain investigations into sexual harassment or discrimination were investigated under privilege, and certain pay equity analyses were conducted under privilege, and, during the DFEH's investigation, AB took steps to maintain and assert its privilege consistent with relevant law.  To the extent the allegations of Paragraph 115 are legal conclusions, no response is required. Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 115.

116.    AB deny the allegations in Paragraph 116.  To the extent the allegations of Paragraph 116 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 116.  AB state that AB took reasonable measures and have appropriate controls in place to ensure the preservation of relevant documents and data as required by law and in connection with DFEH's investigation and this litigation.

117.    To the extent the allegations of Paragraph 117 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 117.

118.    To the extent the allegations of Paragraph 118 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 118.  AB re-allege and reincorporate by reference their answer to Paragraph 14 as though set forth fully herein.

-22-

49309991.1

119.     To the extent the allegations of Paragraph 119 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 119.

120.     To the extent the allegations of Paragraph 120 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 120.

121.     To the extent the allegations of Paragraph 121 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 121.

122.     The allegation in Paragraph 122 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

123.     AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

124.     The statute cited in Paragraph 124 speaks for itself and requires no response.

125.     To the extent the allegations of Paragraph 125 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 125.  AB re-allege and reincorporate by reference their answers to Paragraph 14 as though set forth fully herein.  AB state that AB have, and at all relevant times had, robust policies and practices preventing workplace discrimination and harassment, including preventative training and investigatory practices.

126.     To the extent the allegations of Paragraph 126 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 126.

127.     To the extent the allegations of Paragraph 127 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 127.  AB re-allege and reincorporate by reference their answer to Paragraph 14 as though set forth fully herein.

128.     To the extent the allegations of Paragraph 128 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 128.

129.     To the extent the allegations of Paragraph 129 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 129.

-23-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

130.    The allegation in Paragraph 130 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

131.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

132.    The statute cited in Paragraph 132 speaks for itself and requires no response.

133.    To the extent the allegations of Paragraph 133 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 133.  AB re-allege and reincorporate by reference their answer to Paragraph 125 as though set forth fully herein.

134.    To the extent the allegations of Paragraph 134 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 134.

135.    To the extent the allegations of Paragraph 135 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 135.

136.    To the extent the allegations of Paragraph 136 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 136.

137.    The allegation in Paragraph 137 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

138.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

139.    The statute cited in Paragraph 139 speaks for itself and requires no response.

140.    To the extent the allegations of Paragraph 140 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 140.  AB re-allege and reincorporate by reference their answer to Paragraph 4 as though set forth fully herein.

141.    To the extent the allegations of Paragraph 141 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 141.  AB re-allege and reincorporate by reference their answer to Paragraph 4 as though set forth fully herein.

-24-

49309991.1

142.    To the extent the allegations of Paragraph 142 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 142.  AB re-allege and reincorporate by reference their answer to Paragraph 4 as though set forth fully herein.

143.    To the extent the allegations of Paragraph 143 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 143.

144.    To the extent the allegations of Paragraph 144 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 144.

145.    To the extent the allegations of Paragraph 145 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 145.

146.    The allegation in Paragraph 146 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

147.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

148.    The statute cited in Paragraph 148 speaks for itself and requires no response.

149.    The statute cited in Paragraph 149 speaks for itself and requires no response.

150.    To the extent the allegations of Paragraph 150 are legal conclusions, no response is required.  To the extent a response is required, AB lack sufficient information or belief to enable them to answer and, on that basis, AB deny the allegations in Paragraph 150.

151.    The statute cited in Paragraph 51 speaks for itself and requires no response.

152.    To the extent the allegations of Paragraph 152 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 152.

153.    To the extent the allegations of Paragraph 153 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 153.

154.    To the extent the allegations of Paragraph 154 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 154.  AB re-allege and reincorporate by reference their answers to Paragraph 14 as though set forth fully herein.

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

155.    To the extent the allegations of Paragraph 155 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 155.

156.    To the extent the allegations of Paragraph 156 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 156.

157.    The allegation in Paragraph 157 requires no response.  To the extent a response is required, AB deny that DFEH is entitled to the relief requested in its First Amended Complaint.

158.    AB re-allege and reincorporate by reference their answers to the preceding paragraphs as though set forth fully herein.

159.    The statutes cited in Paragraph 159 speak for themselves and require no response.

160.    The statutes and regulations cited in Paragraph 160 speak for themselves and require no response.

161.    The regulation cited in Paragraph 161 speaks for itself and requires no response.

162.    AB admit that DFEH sent a Document Retention Notice related to documents relevant to the claims listed in the Director's Complaints.  AB deny the remaining allegations in Paragraph 162, including DFEH's characterization of its letter.

163.    AB admit that on July 27, 2021, AB announced, in part, that it had:  "[A]sked the law firm WilmerHale to conduct a review of [its] policies and procedures to ensure that [they] have and maintain best practices to promote a respectful and inclusive workplace. This work will begin immediately.  The WilmerHale team will be led by Stephanie Avakian, who is a member of the management team at WilmerHale and was most recently the Director of the United States Securities and Exchange Commission's Division of Enforcement.  We encourage anyone with an experience you believe violates our policies or in any way made you uncomfortable in the workplace to use any of our many existing channels for reporting or to reach out to Stephanie.  She and her team at WilmerHale will be available to speak with you on a confidential basis and can be reached at ATVI@wilmerhale.com or 202-247-2725.  Your outreach will be kept confidential. Of course, NO retaliation will be tolerated."  To the extent the allegations in Paragraph 163 are legal conclusions, no response is required.  Except as explicitly admitted, or those allegations to which no response is required, AB deny the allegations in Paragraph 163.

49309991.1

164.    AB admit that during DFEH's investigation, DFEH sought documents and communications pertaining to complaints made by AB's personnel and any investigation into such complaints, documents and correspondence related to compensation and pay equity analyses, and waivers and/or releases of claims under FEHA.  AB state that AB cooperated with DFEH's investigation and produced documents, information, and witnesses for deposition.  AB further state that certain documents relating to the investigation of discrimination, sexual harassment and pay equity issues are protected by the attorney-client privilege, and during the DFEH's investigation, AB took steps to maintain and assert their privilege consistent with relevant law.  AB admit that, in response to DFEH's subpoena seeking reflecting a release of claim or right under California Government Code section 12960, et seq., in exchange for a raise or bonus, AB accurately responded that they had no such documents.  To the extent the allegations of Paragraph 164 are legal conclusions, no response is required.  Except as explicitly admitted, AB deny the allegations in Paragraph 164, and specifically deny the allegations in the last sentence of Paragraph 164.

165.    To the extent the allegations of Paragraph 165 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 165.

166.    To the extent the allegations of Paragraph 166 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 166.

167.    To the extent the allegations of Paragraph 167 are legal conclusions, no response is required.  To the extent a response is required, AB deny the allegations in Paragraph 167.

ADDITIONAL ALLEGATIONS

168.    When the California Legislature gave DFEH the authority to pursue litigation on behalf of employees it thought had been impacted by unlawful discrimination or harassment, the Legislature imposed three requirements on DFEH before it could file a lawsuit.  *First*, the Legislature required DFEH to investigate the claim of discrimination—to ensure that there was a basis to file a case.  (Gov. Code, § 12963 et seq.)  The Legislature did not want wasteful litigation that lacked a substantial basis, which would be costly for the state government and for California businesses.  *Second*, if DFEH concluded from its investigation that it had cause to believe the

49309991.1

complaint is valid, the Legislature directed DFEH to try to negotiate a resolution before filing suit.  (Gov. Code, §§ 12963, 12963.7, 12965.)  To meet this statutory predicate, the DFEH must necessarily tell the employer about the specific allegation at issue—what practice has harmed which person or class—in a letter that finds cause, and must provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance.  Put differently, DFEH's obligation to find cause and its obligation to seek an informal resolution go hand in hand. The Legislature did not want the cost and delay inherent in litigation; it wanted an end to discriminatory practices as promptly and efficiently as possible.  So it required DFEH to engage in a conciliation process, including mandatory mediation, in an effort to reach a resolution. *Third*, the Legislature required DFEH to make a good-faith effort to resolve the matter informally, including by engaging in good-faith mediation efforts, and to proceed with a suit only if conciliation efforts failed.  (Gov. Code, § 12965 et seq.; see also *Motors Ins. Corp. v. Div. of Fair Emp. Pracs*. (1981) 118 Cal.App.3d 209, 224 ["[A] maximum effort should be made by the [Fair Employment Practice] Division to accomplish [voluntary compliance]"].)  At minimum, this requirement obligates DFEH to engage the employer in some form of discussion so as to give the employer an opportunity to remedy the allegedly discriminatory practice.

169.    Of course, any negotiated resolution would require DFEH to reach an agreement with the employer, which cannot be assured.  The Legislature did not require DFEH to reach a negotiated resolution.  But the conciliation and mandatory mediation provisions of the statute were not empty words.  The Legislature did not intend for DFEH to engage in only pro forma conciliation efforts or simply go through the motions of offering mediation with no intention of trying to resolve the dispute.  But that is exactly what happened here.  DFEH decided to file a lawsuit and abandoned its obligation to mediate the issues with AB in good faith.

170.    On September 26, 2018, Equal Employment Opportunity Commission ("EEOC") Commissioner Chai R. Feldblum signed Commissioner's Charge Number 480-2018-05212, initiating an investigation by the EEOC into certain alleged conduct at Activision Blizzard Inc., including sex-based discrimination, harassment, related retaliation, and paying female employees less than male employees, based on their gender, which was dually filed with DFEH.

-28-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

171. Several weeks later, on or about October 12, 2018, DFEH issued a Director's Complaint against Blizzard Entertainment, Inc. (DFEH Case No. 201810-03875512), stating that DFEH was investigating whether Blizzard Entertainment, Inc., engaged in discrimination against its employees by failing to hire, select, or employ persons because of their sex, as well as discriminating in compensation or in the terms, conditions, or privileges of employment due to their sex and an alleged failure to take all reasonable steps to prevent unlawful discrimination, harassment, or retaliation. DFEH subsequently amended its Notice of Complaint on or about October 29, 2018, to add Activision Blizzard, Inc., and on or about December 7, 2018, to add Activision Publishing, Inc.

172. AB are informed and believe and on that basis allege that consistent with the EEOC/DFEH's Worksharing Agreement signed by EEOC District Director of the Los Angeles District Office, Rosa Viramontes, on or about October 2, 2018, and DFEH Director, Kevin Kish, on October 3, 2018, the EEOC and DFEH discussed and agreed as to a division of the investigation regarding AB. Specifically, AB are informed and believe that in or around December 2018, EEOC and DFEH agreed that EEOC would take jurisdiction of the sexual harassment investigation and DFEH would take on the investigation related to sex-based discrimination in pay and promotion. EEOC and DFEH both proceeded with their investigations regarding AB.

173. AB are informed and believe and on that basis allege that EEOC District Director Rosa Viramontes, on behalf of EEOC, and DFEH Chief Counsel Janette Wipper, on behalf of DFEH, entered into an Interagency Agreement, which was memorialized through a series of emails between May 22, 2020 and June 4, 2020. The Interagency Agreement tracked the October and December 2018 agreement between DFEH Director Kish and EEOC District Director Viramontes. Specifically, DFEH confirmed its agreement that it would investigate pay and promotion discrimination claims, and DFEH expressly agreed that it "is not conducting the investigation of the harassment allegations in this matter."

174. Throughout DFEH's investigation, AB repeatedly sought information from DFEH regarding the scope of its investigatory focus. Despite repeated requests, DFEH refused to

-29-

49309991.1

disclose any information about the scope and nature of the claims it sought to investigate. Instead of engaging, on April 2, 2021, DFEH served a Subpoena *Duces Tecum* on Activision Blizzard, Inc., which contained 40 requests with numerous subparts. The requests reached far beyond the scope of the Director's Complaint, seeking broad categories of documents far beyond those alleged employment practices noticed in the DFEH's Director's Complaint. In response to DFEH's requests unrelated to the investigation focus, on April 12, 2021, AB asked DFEH to meet and confer regarding its overreaching subpoena and to understand the nature of the inquiry into the areas, the focus of the group or class, and the particular protected classification and/or employment action(s) DFEH was reviewing. DFEH did not respond to AB's request to meet and confer.

175. Throughout DFEH's investigation, DFEH focused its efforts and sought documents and information regarding AB employees. AB, in cooperating with DFEH, produced documents and provided information and deponents regarding their employees. AB were explicit as to their objections to DFEH discovery and the scope of their productions, and never produced pay-related information or personnel files for any contingent workers. Contingent workers were, therefore, necessarily not part of DFEH's investigation.

176. Notwithstanding the statutory requirement to give notice and investigate before filing suit, DFEH did not do so as to all claims pled in this action. DFEH never notified AB that it intended to expand the scope of its inquiry to encompass contingent workers, nor did it ever assert any claims against contingent or temporary workers or offer to participate in conciliation or mediation as to this group. DFEH also failed to investigate the claims asserted on behalf of contingent workers. For example, on information and belief, DFEH never investigated whether there was any pay disparity among contingent workers at AB. DFEH never asked how contingent workers' pay is set, or by whom. DFEH did not gather any data concerning the pay of contingent workers on which it could base any conclusion regarding their pay. Nor did AB produce documents or information regarding contingent workers or employees employed through staffing partners.

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

177.    DFEH did conduct at least a partial investigation of what Activision pays its own employees and learned that there were no issues as to pay equity.  On information and belief, DFEH was unhappy with this discovery because EEOC and DFEH's Interagency Agreement regarding investigatory division had left DFEH with equal pay as its principal area of responsibility.  But DFEH learned that it had no viable argument that Activision underpaid its female employees.

178.    To permit DFEH sufficient time to conduct its investigation, and in light of COVID related delays, on May 6, 2020, the parties agreed to extend the DFEH's two-year deadline to complete its investigation.  In early 2021, aware the tolling agreement would soon expire, the parties began discussing an extension to allow DFEH sufficient time to complete its investigation.  The parties discussed and agreed that, if there was a "cause" finding, the complexity of the issues warranted the use of a private mediator and that Mark Rudy, a private mediator, would be used in lieu of the DFEH panel of mediators.  AB also proposed a pre-mediation meeting as the channel for DFEH to give notice of the claims on which it had found "cause."  DFEH agreed that such a pre-mediation meeting would be helpful.  The parties therefore agreed upon a pre-mediation meeting, and then a December 2021 mediation.  The DFEH paid its deposit with the mediator.

179.    On or around June 15, 2021, EEOC advised AB, through their counsel, that EEOC had completed its investigation and was prepared to begin the conciliation process.  On information and belief, EEOC invited DFEH to participate in the conciliation process.  The same day, DFEH sent AB a meet and confer letter requesting that AB immediately accelerate their rolling production of documents and information to provide all outstanding items within just one week—by June 23, 2021—despite acknowledging that as recently as three weeks previously, DFEH had anticipated that the deadline to complete its investigation would be extended to the December mediation with Mr. Rudy.

180.    On information and belief, on June 23, 2021, EEOC advised DFEH that it had completed its investigation and was engaging in the conciliation process with AB.  On information and belief, the data AB provided to DFEH would have demonstrated there were no

-31-

49309991.1

issues as it pertained to pay and promotions—the substantive areas that DFEH agreed in the Interagency Agreement with EEOC would be DFEH's focus. This posed the possibility that DFEH would have no basis to initiate litigation against AB while EEOC would be exercising jurisdiction over any potential harassment claims.

181.    On information and belief, DFEH never responded to EEOC's invitation to join the federal agency's settlement discussions with Activision; DFEH did not want to play second fiddle to the EEOC. Hoping to better its position, DFEH began taking actions that, it turned out in hindsight, were a course to expedite and "check the boxes" to claim its statutory pre-filing requirements were met and race to file a lawsuit first, before EEOC had time to complete its good-faith efforts under Title VII to resolve potential issues pre-filing.

182.    DFEH's effort to rush to court began immediately. On June 24, 2021, just one day after learning that EEOC had completed its investigation, DFEH sent AB a letter entitled "Notice of Cause Finding and Mandatory Dispute Resolution." In that letter, DFEH stated that it had concluded investigating its administrative complaint, but failed to provide any statement or explanation of the DFEH's purported conclusions. The notice contained a single substantive sentence about the agency's findings: "Based on the evidence DFEH has collected during its investigation, DFEH has reason to file a civil complaint in superior court against [AB]." This assertion was obviously not true. During one of the parties' calls on or around May 21, 2021, DFEH had requested documents and depositions it claimed it needed to "wrap up" its investigation. And on or around June 15, 2021, just nine days before sending the letter alleging it had reached its conclusions, DFEH had followed up in writing, requesting that AB accelerate their rolling production of documents and information, including documents outside the scope of the Director's Complaint. On or around June 23, 2021—the day before DFEH issued its "Notice of Cause Finding"—AB had responded to that request, agreeing to produce some of the requested information the next day. Indeed, AB had already prepared some of the documents for production and were in the process of transmitting them when they received DFEH's letter on June 24, 2021. DFEH did not wait even twenty-four hours to receive the documents it had

49309991.1

claimed to need for its investigation. And DFEH had yet to depose witnesses it had insisted were crucial to its investigation.

183. DFEH's June 24, 2021 letter also proposed mediation one week later, on either July 1, 2021 or July 2, 2021. This proposal was contrary to DFEH's agreement with AB to mediate later in the year, when their jointly agreed-upon mediator was available. It also was, on its face, impractical given that there would be no time for the parties to prepare mediation briefs or any other materials that would allow the mediator to provide any informed input into the negotiations. Nor, critically, could AB participate in the mediation in any meaningful way, since DFEH's "cause" letter said nothing whatsoever about what the parties would be mediating about. Finally, DFEH sent the letter knowing that AB's lead counsel had an arbitration that would make her unavailable on those dates. This proposal was plainly calculated to result in a meaningless mediation or no mediation at all.

184. In the lead-up to the June 24, 2021 letter and thereafter, AB attempted to clarify the scope of issues on which DFEH was focused. During one discussion with DFEH, AB's counsel sought detail related to the scope and basis of the cause finding. AB raised EEOC's position that it was exercising jurisdiction over the harassment claims; in calls and emails, DFEH made clear that its position was that the Interagency Agreement did not limit DFEH in any way. In a further attempt to understand the scope of the alleged violations to enable the parties to mediate in good faith, AB again proposed the parties pursue the path already agreed upon: extend the tolling agreement through the end of the year to allow time for DFEH to complete its investigation; for parties to meet prior to the mediation; and to mediate with Mark Rudy on December 9, 2021.

185. Instead, on June 30, 2021, DFEH provided AB a revised tolling agreement that would extend its deadline by two weeks and demanded its execution and return by noon the next day and declared unilaterally that otherwise the mandatory pre-filing mediation would proceed two days later, irrespective of AB's and counsel's availability. DFEH represented that the purpose of the two-week extension was to allow DFEH time to address AB's objections to being

-33-

49309991.1

pushed into a unilaterally set pre-filing mediation with neither information nor time to adequately prepare for a good faith mediation. AB signed and returned the two-week tolling extension.

186. Notwithstanding AB's execution and return of the two-week tolling agreement, DFEH did not provide detail—factual or legal—related to what it was DFEH claimed to have discovered that would constitute a violation of law that, in turn, the parties would mediate. Instead, the DFEH proposed July 15, 2021, as an additional date for the mandatory pre-filing mediation. But with no additional information provided related to the "cause" determination, AB were in no better position to participate in a meaningful, good-faith mediation. AB told DFEH as much and repeatedly requested that DFEH inform them of the substantive claims at issue so they could prepare for a real mediation. DFEH's response showed its disinterest in anything more than a sham mediation: It maintained that AB would learn of the substantive claims against them *at the mediation.* Of course AB could not prepare for the mediation by assessing undisclosed claims, let alone secure the necessary internal approvals to settle the case at some given range based on their hazards assessment. This absence of advance information guaranteed that the proposed mediation could only be a sham.

187. DFEH then demanded that AB sacrifice certain substantive rights if they wished to have a genuine mediation process. On or around July 9, 2021, DFEH demanded AB forfeit any defense based on any settlement with EEOC. Specifically, DFEH added a new term to the draft tolling agreement it had originally circulated, stating: "Any conciliation, settlement, litigation, other enforcement processes, or resolution related to the EEOC shall not prevent, impede, interfere or serve as a right or defense to any DFEH claim."

188. On July 13, 2021, AB transmitted a signed tolling agreement that would have extended the deadline for DFEH to file suit by approximately seven months, to February 9, 2022, or 60 days after the parties conclude mediation, for the parties to endeavor, in good faith, to engage in a meaningful pre-filing mediation with Mark Rudy. DFEH refused to sign the agreement extending *its own deadline*. There could be no clearer signal that DFEH was not genuinely interested in a negotiated resolution than that it rejected an offer to give the agency

-34-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

itself more time so it could later argue that it was "forced" by the deadline to sue without mediating.

189.    On information and belief, DFEH was not interested in mediating with AB, and it made no good-faith effort to resolve the issues.  Rather, it is now clear that DFEH wanted to file suit as quickly as possible to gain media attention and try to interfere with EEOC's exercising its statutory mandate.  DFEH wanted to claim as its own any resolution that might arise from AB's willingness to cooperate, review and strengthen its workplace processes, and implement change that would benefit both the company and its employees.  AB are informed and believe that by "filing first," DFEH imagined it could interfere with EEOC's conciliation process, interfere with AB's statutory right to participate in conciliation, and, ultimately, block any the settlement—in the hopes of leveraging its own lawsuit against AB.

190.    By contrast with the discussions with the DFEH, which never reached the substance of DFEH's purported claims, over the course of months of negotiation, EEOC and AB reached a resolution and agreed to the terms of a Consent Decree.  Immediately after the Consent Decree was filed in the United States District Court for the Central District of California, DFEH by its own admission sought to derail and destroy the agreement.  The DFEH instigated what the federal court judge described as an "unseemly" dispute—a turf war—between the two agencies.  During this process, EEOC accused DFEH of a conflict of interest when it hired and did not wall off EEOC lawyers who left EEOC with information related to AB, and those lawyers then took positions adverse to EEOC in their new roles with DFEH.  DFEH filed repeated objections that the United States District Judge ultimately found to be "simply inaccurate, based on speculation or otherwise addressed issues that the DFEH should not be concerned with."  Notwithstanding DFEH's six-month campaign to derail the settlement, the District Court entered a Consent Decree on March 29, 2022, implementing the negotiated settlement between AB and EEOC.  Claims administration and injunctive relief are now underway pursuant to the Consent Decree.

191.    In the course of discovery in this action, DFEH has refused to identify the persons on whose behalf it is pursuing this case, so AB do not and cannot know at this time exactly which employees or former employees DFEH purports to represent.

-35-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

192.    By alleging Separate and Affirmative Defenses below, AB intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity.  In addition, such defenses are pleaded in the alternative and do not constitute an admission of liability or that DFEH is entitled to any relief whatsoever.  Furthermore, all defenses pleaded below are based on AB's current understanding of DFEH's claims and are intended, among other things, to preserve all potential defenses upon further clarification of DFEH's claims and assertions.  Unless expressly stated to the contrary, AB allege each affirmative defense to each claim in the Complaint.

AFFIRMATIVE DEFENSES

**FAILURE TO COMPLY WITH STATUTORY REQUIREMENTS**

FIRST SEPARATE AND AFFIRMATIVE DEFENSE

193.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

194.    The Complaint, and each of its causes of action, is barred, in whole or in part, by all applicable statutes of limitation, including but not limited to Government Code sections 12960, subdivision (d), and 12965; Code of Civil Procedure sections 337, 338, 339, and 343; Civil Code section 52; Labor Code section 200, et seq.; and Labor Code section 1197.5, subdivision (i).

SECOND SEPARATE AND AFFIRMATIVE DEFENSE

195.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

196.    The Complaint, and each of its causes of action, is barred, in whole or in part, because DFEH failed to exhaust all available administrative remedies and/or otherwise failed to comply with the jurisdictional, procedural, or administrative prerequisites to the bringing of this action, including prerequisites pursuant to the Fair Employment and Housing Act and Government Code sections 12940, 12961, 12963, 12963.7, and 12965, et seq.

-36-

49309991.1

<u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

197.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

198.    The Complaint, and each of its causes of action, is barred, in whole or in part, to the extent that DFEH complains about matters occurring more than one year prior to the date on which DFEH issued and served its Director's Charge.

<u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

199.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

200.    To the extent that DFEH complains about alleged adverse actions that were not reasonably within the scope of any Director's Complaint or charge issued by DFEH, the Court lacks jurisdiction with respect to any such matters.

<u>FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

201.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

202.    The Complaint, and each of its causes of action, is barred, in whole or in part, because DFEH's suit was commenced pursuant to an invalid underground regulation. Specifically, DFEH adopted and implemented interpretations of Government Code sections 12940, 12961, 12963, 12963.7, and 12965, et seq. that have the force of law, including by filing civil actions that assert claims not administratively exhausted; issuing "cause" determinations lacking sufficient detail to allow for a meaningful conciliation process; and failing to endeavor to resolve issues short of litigation, including but not limited to a good-faith mediation prior to initiating a civil lawsuit. DFEH has adopted and implemented these policies without complying with the Administrative Procedures Act, which requires public notice and approval by the Office of Administrative Law, among other things.

//

//

//

-37-

49309991.1

**CLASS ACTION DEFENSES**

SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

203.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

204.    DFEH's alleged class claims should not be permitted to proceed on a group or class basis because the alleged unlawful practices do not raise questions of law or fact sufficiently common to such group or class to be pursued in this representative action.  DFEH cannot satisfy the requirements of Government Code section 12961 to proceed on behalf of a group or class because, among other things, AB's actions taken with respect to the putative group or class were individualized in nature.  In addition, the manner in which hiring and pay determinations are made for contingent or temporary workers are made is entirely distinct and different from how those decisions are made for AB's own employees.  Further, DFEH cannot meet any or all of the requirements for group or class actions authorized by Government Code section 12961, to the extent those requirements are coextensive with those that exist for class actions brought under Code of Civil Procedure section 382.

SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

205.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

206.    DFEH's alleged class claims should not be permitted to proceed on a group or class basis because litigating the causes of action in the Complaint would violate AB's due process rights, including because DFEH has failed to identify the group or class at issue and because the litigation would be unmanageable.  Resolving DFEH's class claims will require individualized proof for a group or class of persons each subject to unique circumstances and treatment.  AB are entitled to a fair opportunity to litigate their affirmative defenses, which require individualized evidence.

EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

207.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

-38-

49309991.1

208.    DFEH's alleged class claims should not be permitted to proceed on a group or class basis because the group or class on whose behalf DFEH seeks to proceed is not defined or ascertainable, and litigating these causes of action in the Complaint without notice to the individuals whose rights are being adjudicated would violate their right to due process.

**GENERAL DEFENSES**

NINTH SEPARATE AND AFFIRMATIVE DEFENSE

209.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

210.    DFEH's claims are barred, in whole or in part, because AB did not commit the acts or omissions as stated in the Complaint (which are expressly denied) with discriminatory or retaliatory motives, but even assuming *arguendo* that they did, such acts or omissions would have been taken in any event for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

TENTH SEPARATE AND AFFIRMATIVE DEFENSE

211.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

212.    DFEH's claims are barred, in whole or in part, because all of AB's actions with respect to the group of persons DFEH purports to represent, the existence of which is expressly denied, were taken solely for legitimate, business-related reasons unrelated to sex or any alleged protected activity.

ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

213.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

214.    To the extent that DFEH alleges that one or more of AB's employees allegedly discriminated against, harassed, or retaliated against any putative class member, AB expressly deny such allegations and state that such alleged conduct, if any, (1) was outside the course and scope of those employees' employment; (2) was not condoned by AB; and/or (3) was undertaken without the knowledge or consent of AB.

-39-

<u>TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

215.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

216.    Insofar as any of AB's compensation, promotion, or termination policies, or any other employment policy, practice, or procedure allegedly used by AB, had a statistically significant adverse impact on female employees, such policy, practice, or procedure nevertheless is lawful because it is job-related and consistent with business necessity.

<u>THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

217.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

218.    The Complaint, and each of its causes of action, is barred, in whole or in part, because any differential payment of wages by AB was undertaken pursuant to a seniority system, a merit system, a system which measures earnings by quantity or quality of production, and/or a bona fide factor other than sex, and such factor(s) are both job related and consistent with a business necessity.

<u>FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

219.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

220.    DFEH, and the group of persons it purports to represent, the existence of which is expressly denied, lack standing to pursue the Complaint, and each of its causes of action, against any and all Defendants that did not directly or jointly employ them.

<u>FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

221.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

222.    The Complaint, and each of its causes of action, is barred, in whole or in part, to the extent that DFEH failed to name and join indispensable parties, including but not limited to the employers of any and all members of the group of persons it purports to represent, the existence of which is expressly denied.

-40-

49309991.1

<u>SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

223.   AB incorporate by reference all previous allegations and responses as if fully set forth herein.

224.   AB have entered into settlement agreements and/or releases of claims with employees in the past and may do so while this action is pending.  The Complaint, and each of its causes of action on behalf of the group of persons it purports to represent, the existence of which is expressly denied, is barred, in whole or in part, and no individual relief is available, to the extent that any putative class members are covered by any settlement agreement and/or release of claims covering any claims alleged in this action.

<u>SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

225.   AB incorporate by reference all previous allegations and responses as if fully set forth herein.

226.   AB have litigated claims with employees in the past and may do so during the pendency of this case.  The Complaint, and each of its causes of action asserted therein, is barred in whole or in part by the doctrines of res judicata and/or collateral and/or judicial estoppel as to claims previously adjudicated in favor of any of the Defendants and against any putative class members.

**CAUSATION DEFENSES**

<u>EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

227.   AB incorporate by reference all previous allegations and responses as if fully set forth herein.

228.   The Complaint, and each of its causes of action, is barred, in whole or in part, to the extent DFEH's claims on behalf of the group of persons it purports to represent, the existence of which is expressly denied, seek relief on the basis of conduct caused by the direct employers of contingent and temporary workers.

<u>NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

229.   AB incorporate by reference all previous allegations and responses as if fully set forth herein.

-41-

49309991.1

230. The Complaint, and each of its causes of action, cannot secure recovery of damages to the extent it is barred by the doctrine of avoidable consequences, including because putative class members failed to exercise reasonable care and diligence to avoid harm or loss that reasonably could have been prevented by such reasonable efforts, including utilizing AB's complaint procedures.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

231. AB incorporate by reference all previous allegations and responses as if fully set forth herein.

232. To the extent that DFEH alleges that one or more of AB's employees allegedly discriminated, harassed, or retaliated against any putative class member, AB expressly deny such allegations and state that such alleged conduct, if any, was not authorized, ratified, encouraged, directed and/or assisted by AB.

### DEFENSES TO DAMAGES AND OTHER REMEDIES

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

233. AB incorporate by reference all previous allegations and responses as if fully set forth herein.

234. The remedies available to DFEH, and the group of persons it purports to represent, the existence of which is expressly denied, are limited by the doctrine of estoppel.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

235. AB incorporate by reference all previous allegations and responses as if fully set forth herein.

236. The remedies available to DFEH, and the group of persons it purports to represent, the existence of which is expressly denied, are limited by the doctrine of laches.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

237. AB incorporate by reference all previous allegations and responses as if fully set forth herein

238. The remedies available to DFEH, and the group of persons it purports to represent, the existence of which is expressly denied, are limited by the doctrine of unclean hands.

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1

<u>TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

239.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

240.    The remedies available to DFEH, and the group of persons it purports to represent, the existence of which is expressly denied, are limited by the after-acquired evidence doctrine.

<u>TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

241.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

242.    To the extent DFEH alleges causes of action premised on harassment and/or hostile work environment, DFEH cannot recover damages arising from harassment and/or a hostile work environment to the extent that putative class members unreasonably failed to take advantage of the preventive or corrective opportunities provided by AB.

<u>TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

243.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

244.    The Complaint, and each of its causes of action, is barred, in whole or in part, insofar as the amounts claimed are subject to offset.

<u>TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

245.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

246.    DFEH and the group of persons that DFEH purports to represent, the existence of which is expressly denied, have failed to mitigate or make reasonable efforts to mitigate their alleged damages; thus, their recovery of damages, if any, must be barred or reduced accordingly.

<u>TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

247.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

248.    The Complaint, and each of its causes of action on behalf of the group of persons it purports to represent, the existence of which is expressly denied, is barred, in whole or in part, to

-43-

49309991.1

the extent that DFEH cannot recover monetary relief for any claims waived or released by any putative class member.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

249.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

250.    To the extent DFEH and/or the putative class members seek punitive damages, they are each barred from recovering any punitive damages, and any allegations in support of a claim for punitive damages should be stricken, because California's laws regarding the acts and omissions alleged are too vague to permit the imposition of punitive damages, and because any award of punitive damages in this action would violate AB's constitutional rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as other provisions of the United States Constitution and the California Constitution.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

251.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

252.    DFEH's request for injunctive relief is moot, at least in part, to the extent the Consent Decree in the EEOC action remedies the claims asserted in this action.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

253.    AB incorporate by reference all previous allegations and responses as if fully set forth herein.

254.    The Complaint, and each of its causes of action on behalf of the group of persons it purports to represent, the existence of which is expressly denied, is barred, in whole or in part, to the extent any individual within the purported group has received a right-to-sue notice authorizing her to file a civil action for the same claims or relief sought by DFEH in this action.

255.    AB presently have insufficient knowledge or information on which to form a basis as to whether they may have additional, as yet unstated, defenses available.  AB reserve herein

-44-

the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, AB pray for judgment as follows:

1.     That DFEH takes nothing by reason of its Complaint, that the Complaint be dismissed in its entirety with prejudice, and that judgment be entered for AB;

2.     That all claims be dismissed with prejudice;

3.     That AB be awarded their reasonable costs and attorneys' fees; and

4.     That AB be awarded such other and further relief as the Court deems just and proper.


DATED:  May 9, 2022                          MUNGER, TOLLES & OLSON LLP


                                             By:  _____
                                                   KATHERINE M. FORSTER
                                             Attorneys for Defendants
                                             ACTIVISION BLIZZARD, INC., BLIZZARD
                                             ENTERTAINMENT, INC., and ACTIVISION
                                             PUBLISHING, INC.

-45-

49309991.1

<u>VERIFICATION</u>

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am Chief People Officer of Activision Blizzard, Inc., a party to this action, and am authorized to make this verification on behalf of Activision Blizzard, Inc., Blizzard Entertainment, Inc., and Activision Publishing, Inc.  I have read the foregoing **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING'S FIRST AMENDED COMPLAINT** and know its contents.  I am informed and believe and on that ground allege that the matters stated in Defendants' First Amended Answer to Plaintiff Department of Fair Employment and Housing's First Amended Complaint are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 9, 2022, at La Crescenta, California.


JULIE HODGES

-46-

DEFENDANTS' FIRST AMENDED ANSWER TO DFEH'S FIRST AMENDED COMPLAINT

49309991.1