# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY,<br><br><br>        Defendants. | Case No. 2:21-cv-06240-PA-JEM<br><br><br>**[PROPOSED] ORDER DENYING MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br><br>JUDGE:   Hon. Percy Anderson<br>HEARING:  August 15, 2022<br>TIME:     1:30 p.m.<br>CTRM:     9A |

Defendants Activision Blizzard, Inc. ("Activision"), Robert A. Kotick ("Kotick"), Dennis Durkin, Armin Zerza, Brian Kelly, and Spencer Neumann (the "Individual Defendants," and collectively with Activision, "Defendants") have moved to dismiss Plaintiffs' Second Amended Class Action Complaint (the "Motion") under Fed. R. Civ. P. 12(b)(6). After considering the papers submitted by the parties and oral argument, the Court denies the Motion in its entirety.

Plaintiffs state claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against all Defendants and under Section 20(a) of the Exchange Act against the Individual Defendants.

The Second Amended Complaint ("SAC")  has pled falsity. The statements that all undisclosed investigations were "routine" and in "the ordinary course of business" were statements of present fact, not opinion statements. *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 183 (2015) (explaining that opinions are prefaced with modifiers like "I believe" or "I think"). The SAC pleads the U.S. Equal Employment Opportunity Commission (the "EEOC") and the California Department of Fair Employment and Housing (the "DFEH") investigations of Activision (the "Investigations") were not "routine" or "the ordinary course of business" at the time Defendants made their statements because, *inter alia*, (1) the EEOC Commissioner's charge and DFEH Director's Complaint initiating the Investigations are rarely used mechanisms reserved for investigations into serious systemic misconduct; (2) Activision implemented significant changes to its human resource procedures due to them; (3) they led to the firing of senior leaders at the Company; (4) Activision's Board of Directors was informed of the Investigations immediately; (5) the extensiveness and of both Investigations and the escalation of the DFEH Investigation; and (6) the pervasiveness of sexual harassment at Activision made it inevitable that the Investigations would not be routine.

The statements that in the "opinion of management" the undisclosed

- 1 -

investigations were "not significant" and not expected "to have a material adverse effect" were also misleading because the omission of facts going to the basis of the opinion — the existence of the Investigations — made them misleading to a reasonable person. *Omnicare,* 575 U.S. at 194.

Plaintiffs plead scienter as to Defendant Kotick because they plead he knew about the investigations and they were important enough for the Activision Board to be informed, that they prompted the Company to make significant changes to its HR operations and fire key employees, and that illegal sexual harassment took place regularly at Activision such that the Investigations were likely to uncover wrongdoing. *See Schueneman v. Arena Pharms., Inc.,* 840 F.3d 698, 702, 707 (9th Cir. 2016). Additionally, the other Individual Defendants were reckless given their access to information when they made the statements. *See In re VeriFone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 708 (9th Cir. 2012). The SAC also pleads corporate scienter. *See Erickson v. Corinthian Colleges*, Inc., 2015 WL 12732435, at *10 (C.D. Cal. Apr. 22, 2015).

Finally, Defendants argument on loss causation is unavailing since "[a] limited temporal gap between the time a misrepresentation is publicly revealed and the subsequent decline in stock value does not render a plaintiff's theory of loss causation per se implausible." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057-1058 (9th Cir. 2008). All that is necessary at the pleading stage is that plaintiff "show a 'causal connection' between the fraud and the loss" and Plaintiffs meet that standard here. *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753-754 (9th Cir. 2018).

It is hereby ordered that Defendants' Motion is DENIED in its entirety.

Dated: _____

_____
The Honorable Percy Anderson
United States District Judge

[PROPOSED] ORDER  DENYING MTD SAC                                    2:21-cv-06240-PA-JEM