Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY,<br><br>        Defendants. | Case No. 2:21-cv-06240-PA-JEM<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JUDGE:  Hon. Percy Anderson<br>HEARING: August 15, 2022<br>TIME:     1:30 p.m.<br>CTRM:    9A |

Lead Plaintiff Jeff Ross and named Plaintiffs Gary Cheng, Micah Ernst, Michael Noon, Nick Baldwin, Chris Martin, and Alejandro Toiber (collectively, "Plaintiffs") hereby request that the Court consider the following documents, attached as **Exhibits A and B** to the accompanying Declaration of Laurence M. Rosen ("Rosen Decl.") in connection with Plaintiffs' Opposition to Defendants' Motion to Dismiss Second Amended Complaint ("SAC"):

**Exhibit A**: Defendants' First Amended Answer to Plaintiff Department of Fair Employment and Housing's First Amended Complaint, filed on May 9, 2022, in the action captioned *Department of Fair Employment and Housing v. Activision Blizzard, Inc. et al.,* Case No. 21STCV26571 (California Superior Court, County of Los Angeles).

**Exhibit B**: Daily closing prices for shares of Activision Blizzard, Inc.'s ("Activision") common stock for the period of January 4, 2021 to July 12, 2022, which is publicly available on Yahoo Finance, https://finance.yahoo.com/quote/ATVI/history?period1=1609459200&period2=1657497600&interval=1d&filter=history&frequency=1d&includeAdjustedClose=true.

When considering a motion to dismiss in a case governed by the Private Securities Litigation Reform Act, it is proper to consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Exhibit A. Since the SAC quotes Exhibit A in Paragraphs 15, 25, 114, 138, 149, 189, and 226, the Court may incorporate it by reference into the SAC. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Notably, Defendants cannot reasonably dispute Plaintiffs' reliance on the statements in Paragraph 178 of Exhibit A in their Opposition to Defendants Motion to Dismiss the SAC because Activision made the statements.

Exhibit B. Judicial Notice of stock prices is proper. *See M&M Hart Living Tr.*

*v. Global Eagle Entm't, Inc.*, 2018 WL 1230570, at *2 (C.D. Cal. Jan. 8, 2018).

DATED: July  13, 2022              **THE ROSEN LAW FIRM, P.A.**

By: *Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Brian B. Alexander, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: balexander@rosenlegal.com


*Lead Counsel for Plaintiffs*

RJN ISO OPP. TO MTD SAC                                              2:21-cv-06240-PA-JEM