Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Lead Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA, and BRIAN KELLY, <br><br> Defendants. | Case No. 2:21-cv-06240-PA-JEM <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT** <br><br> <u>CLASS ACTION</u> <br><br> JUDGE:   Hon. Percy Anderson <br> HEARING: August 15, 2022 <br> TIME:     1:30 p.m. <br> CTRM:    9A |

Concurrently with its Motion to Dismiss Second Amended Class Action Complaint ("Motion to Dismiss," ECF No. 79), Defendants filed a Request for Judicial Notice in Support of Defendants' Motion to Dismiss Second Amended Class Action Complaint (ECF No. 80), which requests that the Court take judicial notice or incorporate by reference Exhibits A through H when considering Defendants motion to dismiss.

Plaintiffs do not object to Defendants' Request for Judicial Notice as to Exhibits A-D and G-H. Plaintiffs object to Defendants' Request for Judicial Notice as to Exhibits E and F. Exhibit E is Activision's Notice of Motion and Motion for Summary Adjudication filed on May 6, 2022, in the action captioned *Department of Fair Employment and Housing v. Activision Blizzard, Inc. et al.,* Case No. 21STCV26571 (California Superior Court, County of Los Angeles), and Exhibit F, is The "Order Re Hearing on Consent Decree," entered by the Court on March 22, 2022 in the action captioned *U.S. Equal Employment Opportunity Commission v. Activision Blizzard, Inc.*, et al., Case No. 2:21-CV-07682-DSF-JEM (U.S. District Court, C.D. Cal.) [ECF No. 76].

Federal Rule of Evidence 201 provides a narrow exception to the general rule that the court may not consider evidence outside of a complaint on a motion to dismiss and empowers a court to take judicial notice of an adjudicative fact if that fact is "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b). To qualify for judicial notice under the Rule, the adjudicative fact must be "either (1) generally known … or (2) capable of accurate and ready determination through unquestionably reliable sources." *See* Fed. R. Evid. 201(b).

The Court should deny Defendants' Request for Judicial Notice as to Exhibit E, because Defendants use Exhibit E for an improper purpose, i.e. the veracity of the arguments contained in their summary judgment motion, not merely the fact that they filed the motion. *See* Motion to Dismiss at 4. Plaintiffs do not dispute that court filings are generally susceptible to judicial notice. Courts may take "judicial notice of the

existence of…proceedings, the dates of filing, the…claims, and the courts' dispositions." *Limcaco v. Wynn*, 2021 WL 5040368, at \*5 (C.D. Cal. Oct. 29, 2021). They cannot, however, take "judicial notice of these documents for the truth of the matters asserted therein." *Id. See also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (a fact can only be judicially noticed if it is "not subject to reasonable dispute.") This standard greatly limits the purpose for which the Court can consider Exhibit E. As to Exhibit E, the Court can take notice that the Activision Blizzard, Inc. ("Activision") moved for summary adjudication of the California Department of Fair Employment of Housing's ("DFEH") case against it, but cannot consider the assertions that Activision made in its brief for their truth.

Defendants similarly use Exhibit F for an improper purpose.  The only portion of Exhibit F Defendants introduce is Judge Fischer's quote criticizing the DFEH. *See* Motion to Dismiss at 5 n.4. Using a document outside the pleadings to attack the credibility of the DFEH clearly goes far beyond what the Court may judicially notice on a motion to dismiss.

DATED: July  13, 2022          **THE ROSEN LAW FIRM, P.A.**

By: *Laurence M. Rosen*
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Brian B. Alexander, Esq. (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Email: balexander@rosenlegal.com

*Lead Counsel for Plaintiffs*