KEVIN P. MUCK (SBN 120918)
kevin.muck@wilmerhale.com
SUSAN S. MUCK (SBN 126930)
susan.muck@wilmerhale.com
JESSICA L. LEWIS (SBN 302467)
jessica.lewis@wilmerhale.com
WILMER CUTLER PICKERING
    HALE AND DORR LLP
One Front Street, Suite 3500
San Francisco, CA 94111
Telephone: (628) 235-1002
Facsimile: (628) 235-1001

*Attorneys for Defendants Activision Blizzard, Inc.,
Robert A. Kotick, Dennis Durkin, Armin Zerza and
Brian Kelly*

[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, SPENCER NEUMANN, ARMIN ZERZA and BRIAN KELLY,<br><br>Defendants. | No. 2:21-cv-06240-PA-JEM<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSITION TO REQUEST FOR JUDICIAL NOTICE**<br><br>Date:     August 15, 2022<br>Time:     1:30 p.m.<br>Place:    Courtroom 9A, First Street Courthouse<br>Judge:    The Honorable Percy Anderson |

Defendants Activision Blizzard, Inc., Robert A. Kotick, Dennis Durkin, Armin Zerza, Brian Kelly and Spencer Neumann (collectively, "Defendants") submit the following response to Plaintiffs' Memorandum in Opposition to Defendants' Request for Judicial Notice ("RJN Opp." [ECF No. 83]).

In connection with their motion to dismiss the Second Amended Complaint ("SAC"), Defendants asked the Court to consider eight documents that are subject to judicial notice and/or the "incorporation by reference" doctrine.  ECF No. 80. Plaintiffs concede that six of the documents (Exhibits A-D and G-H) may properly be considered (RJN Opp. at 1), and object only to Exhibit E (ECF No. 79-7) and Exhibit F (ECF No. 79-8).  Plaintiffs' objections are meritless.

Plaintiffs do not dispute that Exhibit E – a filing in a state court action brought by the California Department of Fair Employment and Housing ("DFEH") – is subject to judicial notice.  Instead, their only objection is a straw man: Plaintiffs argue that the document may not be considered for the truth of the assertions made in the filing (RJN Opp. at 2), even though Defendants have *not* asked the Court to consider it for that purpose.  Rather, the filing is cited in the motion to dismiss for the express purpose of showing that the unproven and contested allegations made in that action by DFEH – upon which Plaintiffs continue to rely in the SAC[1] – are disputed and being actively litigated.  ECF No. 79-1 at 4.

Also meritless is Plaintiffs' objection to Exhibit F (a March 22, 2022 order issued by The Honorable Dale S. Fischer in an action brought by the U.S. Equal Employment Opportunity Commission ("EEOC")).  There is no dispute that Judge Fischer's order is judicially noticeable; instead, Plaintiffs simply ask the Court to disregard the order because they do not like (and have no answer to) its criticism of allegations made by DFEH.  *See* RJN Opp. at 2.  Tellingly, Plaintiffs cite no authority for the proposition that the ruling of a United States District Judge in an

---

[1] As discussed in the motion to dismiss, Defendants submit that Plaintiffs' reliance on DFEH's allegations is improper.  ECF No. 79-1 at 13 & n.9.

RESP. TO PL. OPP. TO RJN                     - 1 -                     No. 2:21-cv-06240-PA-JEM

action that the SAC cites repeatedly (*see, e.g.*, SAC ¶¶ 40, 93, 300-306) should be disregarded simply because Plaintiffs find it inconvenient.  Put another way, having put at issue DFEH's unproven and contested allegations, Plaintiffs cannot now argue that the Court's criticism of related allegations by that agency should be disregarded.  That is particularly true in a case under the PSLRA, where the Court is required to consider *all* inferences bearing on Plaintiffs' allegations of scienter, "including inferences unfavorable to the plaintiffs." *Mendoza v. HF Foods Grp., Inc.*, 2021 WL 3772850, at *8 (C.D. Cal. Aug. 25, 2021) (citation and internal quotation marks omitted).

Accordingly, Defendants respectfully submit that Plaintiffs' objections should be overruled.

Dated:  August 1, 2022

WILMER CUTLER PICKERING HALE AND DORR LLP

By  */s/ Kevin P. Muck*
Kevin P. Muck

*Attorneys for Defendants Activision Blizzard, Inc., Robert A. Kotick, Dennis Durkin, Armin Zerza and Brian Kelly*

Dated:  August 1, 2022

GIBSON, DUNN & CRUTCHER LLP

By  */s/ Craig Varnen*
Craig Varnen

*Attorneys for Defendant Spencer Neumann*

## ATTESTATION (L.R. 5-4.3.4(a)(2)(i))

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  August 1, 2022

*/s/ Kevin P. Muck*
Kevin P. Muck