**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>ACTIVISION BLIZZARD, INC., ROBERT A. KOTICK, DENNIS DURKIN, ARMIN ZERZA, and BRIAN KELLY,<br><br>        Defendants. | Case No. 2:21-cv-06240-PA-JEM<br><br>**[PROPOSED] ORDER DENYING MOTION TO DISMISS THIRD AMENDED CLASS ACTION COMPLAINT**<br><br><u>CLASS ACTION</u><br><br>JUDGE:   Hon. Percy Anderson<br>HEARING: January 9, 2023<br>TIME:      1:30 p.m.<br>CTRM:     9A |

Defendants Activision Blizzard, Inc. ("Activision"), Robert A. Kotick ("Kotick"), Dennis Durkin, Armin Zerza, and Brian Kelly (the "Individual Defendants," and collectively with Activision, "Defendants") have moved to dismiss Plaintiffs' Third Amended Class Action Complaint (the "Motion") under Fed. R. Civ. P. 12(b)(6). After considering the parties' submissions, the Court denies the Motion in its entirety.

Plaintiffs state claims under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") against all Defendants, and under Section 20(a) of the Exchange Act against the Individual Defendants.

The Third Amended Complaint ("TAC") has pled falsity. The statements that all undisclosed investigations were "routine" and in "the ordinary course of business" were statements of present fact, not opinion statements. *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 183 (2015) (explaining that opinions are prefaced with modifiers like "I believe" or "I think"). The Plaintiffs have successfully amended the TAC so that it clearly pleads that the U.S. Equal Employment Opportunity Commission (the "EEOC") and the California Department of Fair Employment and Housing (the "DFEH") investigations of Activision (the "Investigations") were not "routine" or "the ordinary course of business" at the time Defendants made each of their statements.

The statements that in the "opinion of management" the undisclosed investigations were "not significant" and not expected "to have a material adverse effect" were also misleading because they omitted facts going to the basis of the opinion — the existence of the Investigations — which made them misleading to a reasonable person. *Omnicare,* 575 U.S. at 194.

Plaintiffs plead scienter as to Defendant Kotick because they plead he knew about the investigations and that they were important enough for the Activision Board to be informed of, they prompted the Company to make significant changes to its HR operations, and that illegal sexual harassment took place regularly at

Activision such that the Investigations were likely to uncover wrongdoing. *See Schueneman v. Arena Pharms., Inc.,* 840 F.3d 698, 702, 708 (9th Cir. 2016). Additionally, the other Individual Defendants were reckless given their access to information when they made the statements. *See In re VeriFone Holdings, Inc. Sec. Litig.,* 704 F.3d 694, 708 (9th Cir. 2012). The TAC also pleads corporate scienter. *See Erickson v. Corinthian Colleges, Inc.,* 2015 WL 12732435, at \*10 (C.D. Cal. Apr. 22, 2015).

Plaintiffs also adequately plead loss causation. All that is necessary at the pleading stage is that the plaintiff "show a 'causal connection' between the fraud and the loss" and Plaintiffs meet that standard here. *Mineworkers' Pension Scheme v. First Solar Inc.,* 881 F.3d 750, 753-754 (9th Cir. 2018). Defendants' argument on loss causation is unavailing since "[a] limited temporal gap between the time a misrepresentation is publicly revealed and the subsequent decline in stock value does not render a plaintiff's theory of loss causation per se implausible." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1057-1058 (9th Cir. 2008).

It is hereby ordered that Defendants' Motion is DENIED in its entirety.

Dated: _____

_____
The Honorable Percy Anderson
United States District Judge

- 2 -