**NOT FOR PUBLICATION**

FILED

JAN 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARY CHENG, Individually and on behalf of all others similarly situated; MICAH ERNST; MICHAEL NOON; NICK BALDWIN; CHRIS MARTIN; ALEJANDRO TOIBER; JEFF ROSS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ACTIVISION BLIZZARD, INC.; ROBERT A. KOTICK; DENNIS DURKIN; ARMIN ZERZA; BRIAN KELLY, <br><br> Defendants-Appellees. | No.   23-55158 <br><br> D.C. No. 2:21-cv-06240-PA-JEM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted January 11, 2024
Pasadena, California

Before:  BOGGS,** RAWLINSON, and H.A. THOMAS, Circuit Judges.

Gary Cheng appeals the district court's dismissal of his securities-fraud suit

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

against Activision Blizzard, Inc. (Activision). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint for failure to state a claim. *Glazer Cap. Mgmt., L.P. v. Forescout Techs., Inc.*, 63 F.4th 747, 763 (9th Cir. 2023). We affirm.

As the district court held, Cheng's Third Amended Complaint (TAC) failed to meet the heightened pleading requirements imposed by the Private Securities Litigation Reform Act and the Federal Rules of Civil Procedure in securities-fraud class actions. 15 U.S.C. § 78u-4(b); Fed. R. Civ. P. 9(b). Cheng did not plead facts leading to a strong inference that Kotick knew or deliberately disregarded the fact that the California Department of Fair Employment and Housing[1] and U.S. Equal Employment Opportunity Commission investigations were nonroutine, significant, and likely to have material adverse outcomes. 15 U.S.C. § 78u-4(b)(2)(A); *Nguyen v. Endologix, Inc.*, 962 F.3d 405, 414 (9th Cir. 2020); *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 324 (2007). Because Activision could only have scienter through Kotick, Cheng failed to adequately plead a strong inference of scienter against Activision. *Prodanova v. H. C. Wainwright & Co.*, 993 F.3d 1097, 1108 (9th Cir. 2021). Because Cheng's failure to adequately plead scienter constitutes an independent basis to affirm the district court's dismissal of the TAC, we do not reach the adequacy of the pleading of falsity or of loss causation in the

---

[1] Now the California Civil Rights Department.

2

TAC. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 986–87 (9th Cir.

2009). Cheng's control person claim under Section 20(a) of the Exchange Act

necessarily also fails. *Webb v. SolarCity Corp.*, 884 F.3d 844, 858 (9th Cir. 2018).

**AFFIRMED.**